**JOHNNY MORROW'S WRECKING CREW, INC., Appellant,**

v.

**Leslie SLATE, Appellee.**

No. 16424.

Court of Civil Appeals of Texas.

Fort Worth.

May 3, 1963.

Rehearing Denied May 31, 1963.

Wm. Andress, Jr., Dallas, for appellant.

Donald C. Bubar, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff Johnny Morrow's Wrecking Crew, Inc., brought suit on sworn account against Leslie Slate, involving seventeen items consisting mostly of various kinds of steel, amounting to a total sum of $6,474.17.

Defendant filed a sworn denial in which he asserted that plaintiff had assigned erroneously high weights to scrap iron and steel delivered. He pleaded his willingness to pay plaintiff $2,350 in full settlement of plaintiff's demands.

The jury was asked to find the total number of pounds of steel sold and delivered by the plaintiff to the defendant. Its answer was 210,000 lbs.

Based on the above and other jury findings and undisputed evidence as to some items other than the foregoing mentioned steel, judgment was entered for plaintiff for the sum of $2,225.00, from which judgment plaintiff appealed.

The plaintiff contends the court erred in refusing to submit to the jury, separately, the weight of each load of steel delivered to defendant.

It is undisputed that prior to any delivery the parties agreed that defendant would buy all the steel on plaintiff's lot at a price of 3¼ cents per pound. Defendant hauled some of the steel, then plaintiff's trucks delivered the remaining steel to defendant's yard in thirteen separate loads.

Under the record the ultimate issue was the total amount of steel delivered by plaintiff to defendant, and the court did not err

in submitting the issue. Rule 279, Texas Rules of Civil Procedure.

■ Plaintiff contends the court erred in declining to award plaintiff attorney's fees.

Both sides agreed to leave the amount of attorney's fees, if any found allowable, to the judgment of the court. The court denied plaintiff any attorney's fee.

Article 2226, Vernon's Ann.Civ.St.Tex., provides in part that when one sues on sworn account and "he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover * * * a reasonable amount as attorney's fees * * *."

When defendant denied the sworn account under oath, the question as to whether or not plaintiff was entitled to an attorney's fee became an issue in the case. Since plaintiff recovered $125.00 less than defendant had tendered in his answer, it was within the province of the trial judge to determine that plaintiff should not be awarded an attorney's fee. Paddock Engineering Co. of Tex. v. Rife, Tex.Civ.App., 310 S.W.2d 594.

■ Plaintiff contends it was entitled to an instructed verdict because there was no competent evidence disputing the official weigher's certificates.

Plaintiff introduced twelve state certificates of weights and measures issued by a public weigher, and twelve invoices made in plaintiff's office which were made from the weight certificates when the driver or drivers returned from making a delivery. The plaintiff's ledger sheets also showed the weights set out in the weight certificates.

None of plaintiff's truck drivers testified. The witnesses who testified for plaintiff had no personal knowledge of the actual delivery of the steel from plaintiff's yard to defendant's yard or farm. There was no testimony that the driver or drivers who had the steel weighed actually delivered to defendant all the steel shown in the certificates.

The weight certificates show the steel was weighed for plaintiff, but the "Sold To" spaces were blank. Defendant's name did not appear on said certificates.

It was stipulated that no copies of the weight certificates were delivered to defendant until five months after suit was filed.

Defendant testified he received no invoices from plaintiff.

Plaintiff's truck drivers did not secure receipts from defendant when deliveries were made.

Defendant testified that he personally measured and computed the weights of the pieces of steel delivered to him. He used as a basis for his weight computation the construction manual of the American Institute of Steel Construction. It accurately shows the weight of all sizes of steel.

The President of plaintiff conceded, "Yes, sir, that book will give you the weight of any piece of steel that was ever made" and "It is accurate."

Although defendant admittedly was not an accomplished bookkeeper, he kept his own records of the amount and weight of the Morrow steel sold from his yard, and had a record of the weight remaining on his yard.

In view of the whole record, taking into consideration all the evidence introduced by both sides, as well as the lack of testimony by plaintiff by witnesses with actual knowledge of the delivery of the steel, as weighed, to defendant, we believe the jury was entitled to make the finding it did as to weight of the steel actually delivered to defendant.

All points of error are overruled and the judgment affirmed.

Affirmed.