**L Q MOTOR INNS, INC., Appellant,**

v.

**Fred BOYSEN, Appellee.**

**No. 883.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 19, 1973.

Rehearing Denied Jan. 9, 1974.

---

Thomas J. Smith, Davis, O'Connor & Pullen, San Antonio, for appellant.

Anthony L. Vetrano, Jr., Houston, for appellee.

COULSON, Justice.

This is an appeal from a judgment awarding attorney's fees to plaintiff Fred Boysen, appellee, from L Q Motor Inns, Inc., appellant.

Fred Boysen, d/b/a Bissonnet Roofing Co., entered into a written contract with appellant to replace the roof on a motel. This contract contained no provision for attorney's fees. During the work, rain caused damage to the motel's interior. Appellee sued to recover the agreed contract price of $4,900, as well as a reasonable attorney's fee in the sum of $1,500. Appellant admitted liability in the sum of $4,900, but counterclaimed for $8,595.43, as a result of the interior damage. Appellee joined its own general liability insurance

carrier, Employers Insurance of Wausau, as a third party defendant on the counterclaim (despite Texas Rules of Civil Procedure 38(c)). The district court granted an interlocutory summary judgment as to appellee's contract claim with an award of $4,900, to be final only upon the disposition of the entire case including the claim for attorney's fees and the counterclaim. All parties joined in a motion and order of dismissal of the counterclaim after the payment of $6,750 to appellant. The order of dismissal reserved to appellee his right to pursue attorney's fees. Appellant stipulated that $1,250 was a reasonable attorney's fee. The issue of attorney's fee was tried to the court, and the judge entered judgment awarding the attorney's fee to appellee under the authority of Vernon's Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1972–73).

■ The question here is whether an award of attorney's fees is proper under Article 2226 when a plaintiff recovers less than a defendant by virtue of the latter's counterclaim.

Appellant argues that the nature of the contract here does not entitle appellee to attorney's fees under Article 2226. Appellant also urges that it would be manifestly unjust to allow attorney's fees when appellee ultimately recovered less than appellant.

Since we agree with appellant's second argument, it may be assumed *arguendo* that this contract is not one for a "product or general service" under Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.1970), which excluded such contracts from the purview of Article 2226.

Several cases have held, without much elaboration, that the failure of a plaintiff to establish a net recovery defeats an award of attorney's fees under Article 2226. Paddock Engineering Co. of Texas v. Rife, 310 S.W.2d 594 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.), was a suit on a verified account with a counterclaim,

and the court upheld the trial judge's disallowance of attorney's fees when the judgment allowed recovery only on the counterclaim. The same court also held in Johnny Morrow's Wrecking Crew v. Slate, 368 S. W.2d 32 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.), that it was within the province of the trial judge to refuse attorney's fees when the plaintiff recovered less than the defendant had tendered in his original answer. Latham v. Dement, 409 S.W.2d 429 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.), involved two consolidated cases. The first suit was by a contractor to recover from the buyers of a home the balance of the construction price, and the second was by the same contractor against his former partner for an accounting under a joint venture agreement. The offsets recovered by the defendant joint venturer amounted to more than the plaintiff's recovery from the buyers. The court held it was not error for the trial court to have denied attorney's fees to the contractor in his claim against the buyers, because he did not "establish a net claim." Each of these cases involved upholding a denial of attorney's fees by a trial court, unlike the instant case.

The Texas Supreme Court in Tenneco Oil Company v. Padre Drilling Company, *supra*, 453 S.W.2d at 819, cited the United States Supreme Court in Missouri, K. & T. R. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1913), in saying that the purpose of Article 2226 was to encourage the payment of small claims and to forestall their litigation. There is no longer a maximum amount in controversy beyond which attorney's fees are not recoverable, but we believe that the purpose of Article 2226 is still to encourage the settlement out of court of the enumerated types of claims when no bona fide controversy exists.

■ Attorney's fees are not recoverable under Article 2226 by a plaintiff who recovers damages less than that recovered by a defendant on his counterclaim.

Attorney for appellee argues that he was never apprised of the settlement of the counterclaim before appellant and the insurance company settled and that no evidence of the settlement exists in the record for this Court to recognize. However, our holding makes the appellee's subjective knowledge irrelevant, and a recitation of the settlement and of the amount does appear in appellant's motion to dismiss the counterclaim. At no time has the appellee questioned the veracity of that recitation.

The judgment is affirmed in part as to the $4,900 on the contract claim and reversed in part as to the $1,250 in attorney's fees.

CURTISS BROWN, J., notes his dissent.