**BIRDS CONSTRUCTION, INC.,
Appellant,**

v.

**Robert L. McKAY and Sheila
McKay, Appellees.**

**No. 13–82–143–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 1, 1983.

Nicholas V. Hile, Wiech, Fleming, Hamilton, Uribe & Hile, Brownsville, for appellant.

Brian G. Janis, William Morrow, Carinhas & Morrow, Brownsville, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a dispute over a construction contract. Appellant contracted to build a house for appellees. The appellees were dissatisfied with the quality of several areas of the construction and, as such, were unwilling to pay the total contract price. The appellant filed and sought to foreclose upon a mechanic's lien on the property.

Appellees obtained a temporary injunction against the foreclosure. At that time, they tendered into the registry of the court that portion of the balance of the purchase price which they did not dispute as being due and owing. The trial court correctly ordered that the sum paid into the registry of the court be paid over to the appellant. See and compare: *Veale et al. v. Rose,* 657 S.W.2d 834 (Tex.App.—Corpus Christi 1983).

Thereafter, the appellees amended their petition, seeking to recover damages for the cost of repairing alleged defects in the construction, and statutory penalties and attorney's fees under the Texas Deceptive Trade Practices Act (DTPA)[1] for the appellant's alleged breach of express and implied warranties. Appellant filed a counterclaim to recover claimed labor and material charges still due and owing under the contract.

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon Supp.1982). The act as amended in 1977 applies to this cause. See 1977 Tex.Gen. Laws ch. 216.

The trial court, sitting without a jury, determined that the appellees should recover the sum of $7,590.00 in damages plus reasonable attorney's fees. It also found that the appellant was entitled to recover $6,662.31 pursuant to its counterclaim. The trial judge also concluded that appellant's breaches constituted violations of the DTPA. Accordingly, the judge offset appellees' damages with appellant's damages for a net recovery of $927.69, which sum he trebled pursuant the terms of the Act then in force, giving the appellees a total net recovery of $2,783.07, plus attorney's fees.

■ Appellant attacks the trial court's judgment by four points of error. In the first two, it challenges the legal and factual sufficiency of the evidence to support alleged trial court findings that hairline cracks in the exterior stucco and the lack of solar grey tinted glass in certain exterior doors constituted building defects or breaches of warranty. In his third point of error, appellant claims that there is no evidence or insufficient evidence to support a trial court finding that building defects or breaches of warranty required certain specific repairs listed in the point of error.

In its findings of fact, the trial court stated simply that the appellant "breached express and implied warranties in the construction of the [appellees'] home." There are no findings of any specific defects or necessary repairs. Appellant made no request for additional findings of fact under Tex.R.Civ.P. 298. There were numerous allegations of deficiencies or defects in construction on which appellees presented evidence at trial. Appellees testified concerning "significant" and "noticeable" cracks in the stucco; leakage of water around doors, windows and a roof joint; excessive sag in the garage door; and various electrical plumbing and trim items which were not constructed according to the plans. We hold that this evidence was sufficient to support the trial court's finding of breach of warranty. Appellant's first three points of error are overruled.

In its final point of error, appellant claims the trial court erred in trebling the appellees' damages and in awarding attorney's fees. When appellees first sought to restrain appellant from foreclosing upon its mechanic's lien, they tendered the sum of $11,261.59 into the registry of the court with the admission that such was undisputedly still owing on their contract with appellant. The trial court, in granting a temporary injunction against the appellant, awarded it the monies paid into the court's registry. Appellant now seeks to add this sum to the sum found by the trial court as still owing under the contract for extras for a total recovery to the appellant of greater than that which the trial court awarded to the appellees. Therefore, appellant argues that because its recovery was greater than the appellees', appellees were not entitled to treble damages or attorney's fees.

■ Treble damages are not recoverable under the DTPA unless the plaintiff has a net recovery. *Smith v. Baldwin,* 611 S.W.2d 611 (Tex.1980); *Beeman v. Worrell,* 612 S.W.2d 953 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Attorney's fees are not recoverable by a plaintiff who recovers less damages than that recovered by the defendant on his counterclaim. *Green v. Bearden Enterprises, Inc.,* 598 S.W.2d 649 (Tex.Civ. App.—Ft. Worth 1980, writ ref'd n.r.e.).

■ However, those cases cited by appellant do not apply here. In the posture in which the parties stood at the time of trial of this cause, the sum paid into the registry of the court was not in controversy. It was not the subject of any pleadings, and it was not a part of the judgment entered by the trial court. It is not to be considered in determining the amount of the plaintiff's recovery under the DTPA. The DTPA is to be liberally construed and to be applied to promote its underlying purposes, including protection of consumers from breaches of warranty and to provide efficient and economical procedures to secure such protection. Tex.Bus. & Com.Code Ann. § 17.44 (Vernon Supp.1982); *Pennington v. Singleton,* 606 S.W.2d 682, 686 (Tex.1980); *Woods v. Littleton,* 554 S.W.2d 662, 665 (Tex.1977). The trial court was correct in each phase of the trial of the case. Point of error number

four is overruled. The judgment of the trial court is affirmed.

AFFIRMED.