**Leon DROZD, d/b/a Drozd Construction Company, Appellant,**

v.

**Dr. Thomas R. McKINLEY and Claudette McKinley, Appellees.**

**No. 13–82–411–CV.**

Court of Appeals of Texas,
. Corpus Christi.

April 30, 1984.
Rehearing Denied May 24, 1984.

Thomas D. Bracey, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

Kennard E. Mackey, Harrison, Stone & Jordan, Corpus Christi, for appellees.

Before KENNEDY, UTTER and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

. This is an appeal from a suit brought by the general contractor for a new home against the owners of the property on

which the home was to be built. Appellant (the contractor) brought suit against appellees (the owners) to recover money owed as a result of an agreement for appellant to construct the house for appellees, to foreclose on a mechanic's and materialmen's lien, and to recover attorney's fees pursuant to TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984). Appellees filed a counterclaim against appellant for their alleged costs to complete the residence and for a breach of contract with respect to the purchase of two rugs in the amount of $4,150.05. Appellees also sought attorney's fees.

A jury found that: 1) appellees owed appellant $24,836.71 under the terms of the agreement for construction of the house; 2) that appellant owed appellees $4,150.05 for failing to deliver the two rugs; and 3) that appellees suffered $7,500.00 in damages as a result of false, misleading or deceptive acts or practices of appellant. Based on these findings, the trial court setoff appellees' damages against that of appellant and awarded appellant a recovery of $13,186.66. Also, based upon jury findings, the trial court awarded appellant $30,-000.00 in attorney's fees through the trial, $8,000.00 in attorney's fees in the event of a successful appeal to the Court of Appeals, and $5,000.00 in attorney's fees in the event of a successful appeal to the Texas Supreme Court *and also* awarded appellees $30,000.00 in attorney's fees through the trial, $8,000.00 in attorney's fees in the event of a successful appeal to the Court of Appeals, and $5,000.00 in attorney's fees in the event of a successful appeal to the Texas Supreme Court. The trial court additionally ordered that all court costs be divided between appellant and appellees.

Appellant has perfected a limited appeal whereby he challenges only the trial court's awarding of attorney's fees to appellees and the dividing of the court costs equally among both appellant and appellees. No statement of facts was requested or brought before us on appeal.[1] We modify and affirm.

■ Appellant, in his first and third points of error, attack the trial court's awarding of attorney's fees to appellees and the trial court's overruling of his motion to disregard the jury's findings as to attorney's fees for appellees.[2] Since appellees recovered less damages on their counterclaim than appellant recovered by his cause of action, appellees are not entitled to attorney's fees under either art. 2226 or TEX.BUS. & COM.CODE ANN. Sec. 17.-50(d) (Vernon Supp.1984). *Birds Construction, Inc. v. McKay*, 657 S.W.2d 514 (Tex.App.—Corpus Christi 1983, no writ); *see Greene v. Bearden Enterprises, Inc.*, 598 S.W.2d 649 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). We respectfully disagree with the language in *Guerra v. Brumlow*, 630 S.W.2d 425 (Tex.App.—San Antonio 1982, no writ), to the contrary. Accordingly, appellant's first point of error is sustained. Since the trial court should properly have disregarded the jury answers awarding appellees attorney's fees, in rendering judgment, appellant's third point of error, that the trial court erred in not disregarding the jury's findings as to appellees' attorney's fees, is also sustained.

■ Appellant contends in his second point of error that the trial court erred in dividing the court costs equally between appellant and appellees. We first point out that both parties were successful to some extent in their respective trial causes of action. *See Brook Mays Organ Company, Inc. v. Sondock*, 551 S.W.2d 160 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.). Second, while it is normally true that the

---

**1.** While it appears that the attorney's fees in this cause might be excessive, we find that we are precluded from reviewing them. Not only are they unchallenged, but in addition, without a statement of facts, we have no testimony before us on which to base a proper review of the jury's award.

**2.** Appellant refers to Plaintiff's Motion for Additional Express Findings and for Judgment on Material Issues of the Verdict.

successful party should recover costs unless the record reflects good cause for a different result, *see Perez v. Hernandez*, 658 S.W.2d 697 (Tex.App.—Corpus Christi 1983, no writ); *Okon v. Levy*, 612 S.W.2d 938 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), we have before us today only a partial record. Contained in that portion of the record before us is a motion for additional express findings, one of which would expressly deal with the court costs issues. This motion was filed with the court on April 16, 1982. Judgment was entered on September 7, 1982. This judgment expressly denies all relief not expressly granted therein. Appellant also attached this motion to his motion for new trial. Appellant's motion for new trial was overruled by operation of law. We cannot say from the record before us that the trial court abused its discretion in apportioning the court costs among the parties. Appellant's second point of error is overruled. Appellant's fourth point of error, that the trial court erred in overruling appellant's motion for new trial on the issue of appellees' attorney's fees *and* on the issues of the equal division of costs is also overruled.

The judgment of the trial court is modified to exclude the award of attorney's fees to appellees, both at trial and on appeal. The trial court's judgment is affirmed in all other respects. Costs on appeal are taxed equally between appellant and appellees. *See Long v. Smith*, 466 S.W.2d 32 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r. e.).

MODIFIED, AND AS MODIFIED, AFFIRMED.