Dr. Thomas R. McKINLEY, et
ux., Petitioners,

v.

Leon DROZD d/b/a Drozd
Construction Company,
Respondent.

No. C–3215.

Supreme Court of Texas.

Jan. 9, 1985.

Rehearing Denied March 6, 1985.

Mackey & Zahn, Ken E. Mackey, Corpus
Christi, Longley & Maxwell, Joe K. Long-
ley, Austin, for petitioners.

Oppenheimer, Rosenberg, Kelleher &
Wheatley, Inc., Thomas D. Bracey, San An-
tonio, for respondent.

SPEARS, Justice.

The issue in this case is whether a party
claiming damages under the Texas Decep-
tive Trade Practices Act (DTPA), Tex.Bus.
& Com.Code Ann. §§ 17.41–.63 (Vernon
Supp.1984), and under Tex.Rev.Civ.Stat.
Ann. article 2226 (Vernon Supp.1984) must
receive a net recovery in the entire lawsuit
to recover attorney's fees, or whether any

recovery, even though entirely offset by an opposing claim, is sufficient to sustain an award of attorney's fees. The trial court awarded attorney's fees to the petitioners, Dr. and Mrs. McKinley. The court of appeals disallowed the award because the petitioners did not obtain a net recovery. 670 S.W.2d 405. We reverse the judgment of the court of appeals and affirm the trial court.

Drozd, a general contractor, brought suit against the McKinleys to recover the balance due on a construction contract on the McKinleys' new home, and to recover attorney's fees under Tex.Rev.Civ.Stat.Ann. article 2226 (Vernon Supp.1984). The McKinleys counterclaimed against Drozd alleging conversion, breach of contract, and several violations of the DTPA. The McKinleys also sought attorney's fees under the DTPA and under article 2226 in connection with their contractual claim.

The case was tried before a jury, which found that the McKinleys owed Drozd $24,836.71 under the construction contract, that Drozd owed the McKinleys $4150.05 for breach of contract in failing to deliver two rugs, and that Drozd owed the McKinleys $7500.00 in damages for a DTPA violation. Based on this verdict the trial court awarded Drozd a net recovery of $13,186.66 and awarded each party attorney's fees of $30,000.00 for the trial, $8000.00 for a successful appeal to the court of appeals, and $5000.00 for a successful appeal to this court. Finally, the court ordered all costs of court to be divided equally between the parties.

The court of appeals held that the McKinleys were not entitled to any attorney's fees because they did not receive a net recovery. The trial court judgment as modified was affirmed, including the equal division of court costs between the parties.

The McKinleys bring to this court the sole issue of whether the court of appeals was correct in eliminating their attorney's fees award because they did not obtain a net recovery in the lawsuit. We will address separately the claim under section 17.50(d) of the DTPA and the claim under article 2226.

### Attorneys Fees Under the DTPA

Section 17.50(d) of the Business and Commerce Code provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees." [1] This language is not entirely helpful as it does not answer the question of whether one must prevail only under his DTPA claim or must obtain a net recovery in the entire lawsuit.

The McKinleys' primary argument in support of allowing the award of attorney's fees is that to disallow the award would disrupt the legislative intent behind the DTPA to protect consumers, recognized by this court in *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977). Drozd primarily argues that a DTPA consumer whose recovery is entirely offset cannot be said to have prevailed, because the final judgment provides no relief to the consumer. Both sides cite decisions of the courts of appeals which they contend support their respective positions. This issue is one of first impression for this court, and several of the cases briefed by the parties are distinguishable; however, the following opinions have squarely addressed this issue.

In *Guerra v. Brumlow,* 630 S.W.2d 425, 430–31 (Tex.App.—San Antonio 1982, no writ), the San Antonio court of appeals, without elaboration, held that any recovery under the DTPA, even though entirely offset by a counterclaim, was sufficient to entitle a consumer to attorney's fees. The Fourteenth court of appeals reached the opposite result in *Widmer v. Stamps,* 663 S.W.2d 875, 882–83 (Tex.App.—Houston [14th Dist.] 1983, no writ). That court specifically rejected the view of the *Guerra* court primarily on the grounds that the wording between the DTPA and Tex.Rev. Civ.Stat.Ann. article 2226 is so "strikingly

---

1. There has been some controversy between the parties as to whether the 1977 version or the current version of the DTPA would control this case; however, in terms of the question presented for our review, there is no substantive difference in the versions.

similar" that the same result should be reached under each statute, and the parties in that case agreed that courts have declined to award attorney's fees under article 2226 in the absence of a net recovery. The *Widmer* court acknowledged the argument that section 17.44 of the DTPA calls for liberal construction to protect consumers and to provide economical procedures to secure this protection, but held that the consumers in that case did not "prevail" because they did not obtain a net recovery.

In a more recent opinion, a different panel of the Fourteenth court of appeals rejected the requirement of a "net recovery" to obtain attorney's fees under the DTPA. *Building Concepts, Inc. v. Duncan*, 667 S.W.2d 897, 904–05 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The *Building Concepts* court based its decision on the legislature's mandate in section 17.44 to liberally construe the act to protect consumers. The court, while recognizing its disagreement with *Widmer*, declared that the legislature could not have intended that a successful claimant under the DTPA be denied attorney's fees because the claim is offset by a claim of the other party.

The Corpus Christi court of appeals has twice expressed that attorney's fees are not recoverable in the absence of a net recovery. In *Birds Construction, Inc. v. McKay*, 657 S.W.2d 514, 516 (Tex.App.—Corpus Christi 1983, no writ), the court stated in dicta the requirement of a net recovery to obtain attorney's fees, and in the present case, the Corpus Christi court has reversed an award of attorney's fees on that basis.

■ We hold the better view is to allow consumers to recover attorney's fees under section 17.50(d) of the DTPA incurred in the successful prosecution of a claim for damages under the Act, even though the claim might be entirely offset by a claim of an opposing party. This is consistent with the legislative mandate to liberally construe the act to protect consumers from deceptive practices, and the legislative intent to provide consumers with an efficient and economical means to seek redress for those deceptive practices. Tex. Bus. & Com.Code Ann. § 17.44 (Vernon Supp.1984). In construing the language of the DTPA, the more sensible meaning of the word "prevail" is to prevail in a claim under the Act, rather than to obtain a net recovery on all claims joined in one lawsuit. As the *Building Concepts* opinion pointed out, suits against a general contractor over the construction of a home often involve large counterclaims. 667 S.W.2d at 905. We do not believe that the legislature intended to deprive these consumers of their attorney's fees.

■ Drozd contends that because the net recovery rule has been followed in applying article 2226, the same rule should apply under the DTPA; however, the issue of DTPA attorney's fees is not controlled by the construction of article 2226. Although there are similarities in the policy and intent behind these statutes, the wording of the statutes is different, and the statutes were enacted for different reasons, thus prompting our separate analysis of each.

Finally, Drozd points out that this court has decided that in calculating treble damages, offsets against DTPA recoveries should be deducted before trebling. *See Durham v. St. John*, 645 S.W.2d 261, 262 (Tex.1983); *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980). Therefore, Drozd argues that since a net recovery is required for treble damages, by analogy, it should be required for an award of attorney's fees. The issue of calculating treble damages has not been preserved for our review, and whether to award attorney's fees is a separate question. Our decision in *Smith v. Baldwin* rested upon the meaning of "actual damages" in section 17.50(b)(1), an expression which is not included in the attorney's fees provision. Also, the policy behind granting the punitive award of treble damages is different than granting attorney's fees, and this is particularly clear under the current version of the statute. The treble damage award is called for under certain states of culpability of the DTPA defendant, but the attorney's fee

award is given to all prevailing consumers and is not based on the culpability of the DTPA defendant, but on the need to provide an economical remedy for victims of the specified types of deceptive activities.

For the foregoing reasons, we hold that *a consumer who is awarded actual damages under the DTPA should also be awarded attorney's fees, even though the damage award is entirely offset by an opposing claim and the DTPA consumer receives no net recovery.*

### *Attorney's Fees Under Article 2226*

■ The next question in this case is to determine whether a net recovery is needed to support an attorney's fee award under article 2226. As Drozd demonstrates in his reply brief, the courts of appeals have uniformly denied attorney's fees under this article in the absence of a net recovery. The earlier cases merely held that it was within the province of the trial court to deny attorney's fees under the article. *See Latham v. Dement*, 409 S.W.2d 429, 434 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.); *Johnny Morrow's Wrecking Crew v. Slate*, 368 S.W.2d 32, 33 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.); *Paddock Engineering Co. v. Rife*, 310 S.W.2d 594, 597 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.).

The rule was extended in *L Q Motor Inns v. Boysen*, 503 S.W.2d 411, 412 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.) to hold a trial court in error for allowing attorney's fees under article 2226 in the absence of a net recovery. The *L Q Motor Inns* court stated that the purpose of article 2226 is to encourage the settlement of out-of-court claims, and without elaboration, announced the net recovery requirement. Subsequent appellate decisions have followed the *L Q Motor Inns* rule without expressing any rationale other than citing previous cases in the *L Q Motor Inns* line. *See, e.g., Hoffman v. Deck Masters, Inc.*, 662 S.W.2d 438, 441 (Tex.App.—Corpus Christi 1983, no writ); *Greene v. Bearden Enterprises, Inc.*, 598 S.W.2d 649, 655 (Tex.Civ.App.—Fort Worth 1980,

writ ref'd n.r.e.); *Jon-T Farms, Inc. v. Goodpasture, Inc.*, 554 S.W.2d 743, 752 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

During the time span of these decisions, article 2226 was amended several times. The most important change which seems to have gone unnoticed occurred in the 1977 amendment. Prior to that time, the statute, in pertinent part, provided that "if, at the expiration of 30 days [after presenting claim], the claim has not been paid or satisfied, and [the claimant] should finally obtain judgment for any amount thereof as presented for payment ..., he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." Act of May 17, 1971, ch. 225, § 1, 1971 Tex.Gen. Laws 1073. In 1977, the statute was amended to its present wording that "if, at the expiration of 30 days [after presenting claim], payment for the just amount owing has not been tendered, the claimant may ... recover in addition to his claim and costs, a reasonable amount as attorney's fees." Tex.Rev.Civ.Stat.Ann. article 2226 (Vernon Supp.1984). This change in the wording of article 2226 was noted in Figari, Graves & Gordon, *Texas Civil Procedure*, 36 Sw.L.J. 435, 468–69 (1982), and the Austin court of appeals has cited the article in questioning whether the *L Q Motor Inns* "net recovery" requirement is still effective. *Esparza v. Nolan Wells Communications*, 653 S.W.2d 532, 538–39 (Tex.App. —Austin 1983, no writ).

The earlier decisions, and *L Q Motor Inns* in particular, were decided under the language requiring the claimant to "finally obtain judgment" for some amount. While this wording was not totally clear, it could easily be construed to require a net recovery in the judgment resolving all claims and counterclaims. Under the present wording, however, all that is required to obtain attorney's fees is a "just amount owing" not tendered within thirty days. While a favorable trial court judgment on the article 2226 claim is needed to establish that the claim is "just," the amended lan-

guage does not impose the requirement of a net recovery, because the justness of a claim within article 2226 is not dependent upon the outcome of other claims or counterclaims joined in the lawsuit.

We hold that the proper construction of article 2226 is to allow recovery of attorney's fees incurred in prosecuting a just claim under the article, even if the amount of the claim is entirely offset by an opposing party's claim. This is more consistent with the legislative intent to discourage a party from unnecessarily litigating and defending a just claim within article 2226. *Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814, 819 (Tex.1970). In addition, the statute was formerly strictly construed; however, the legislature amended article 2226 to mandate that "[t]his Act shall be liberally construed to promote its underlying purposes."

Accordingly, we disapprove of the language in the previously cited cases requiring a net recovery in order to obtain attorney's fees under article 2226 or under the DTPA. The judgment of the court of appeals is reversed, and the trial court judgment is affirmed.

WALLACE, J., notes his dissent.

GONZALEZ, J., not sitting.