Affirmed as Modified and Opinion filed October 28, 2004









Affirmed as Modified and Opinion filed October 28,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00079-CV

____________

 

DOCTORS HOSPITAL
1997, L.P. D/B/A DOCTORS HOSPITAL TIDWELL, Appellant

 

V.

 

SAMBUCA HOUSTON,
L.P. D/B/A/ SAMBUCA, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 740,276

 



 

O P I N I O N








Show Business Entertainment, a music band,
prevailed in its suit against Sambuca, a restaurant, and Doctors Hospital, the
host of a party at Sambuca, when neither paid the band for playing at a
Christmas party.  Sambuca, in turn, successfully
claimed that Doctors Hospital was responsible for the band’s fees.  On appeal, Doctors Hospital complains only
about attorney’s fees awarded to Sambuca. 
First, it asserts the fees should not have been awarded because Sambuca
recovered on a promissory estoppel claim, not a contract claim, and second, it
argues the court should not have reopened the evidence to receive testimony
about Sambuca’s attorney’s fees.  We
modify the judgment to delete the attorney’s fee award because Sambuca
recovered on its promissory estoppel claim, which, under Texas law, is
available to a claimant only when a valid contract does not exist, and the
attorney’s fee statute is limited to valid contract claims.

FACTUAL AND PROCEDURAL BACKGROUND

Sambuca and Doctors Hospital disputed who
should have paid Show Business Entertainment for playing at the Christmas
party.  When no one paid, Show Business
Entertainment brought suit against both parties.  Sambuca ultimately paid the band and cross-claimed
against Doctors Hospital, alleging that Doctors Hospital was responsible for
the band’s fee.  After both parties
rested their cases and closed, the judge announced his decision in favor of
Sambuca and asked the parties to submit a judgment.  Sambuca prevailed only on its promissory
estoppel theory, although it had also pleaded breach of contract, and the judge
awarded attorney’s fees to Sambuca. 
Sambuca’s counsel then received permission from the court to reopen
briefly to testify—over Doctors Hospital’s objection—about anticipated attorney’s
fees in the event of an appeal.

ANALYSIS

I.        Does a Promissory Estoppel Theory of Recovery
Support an Attorney’s Fee Award Under Texas Civil Practice and Remedies Code
Section 38.001(8)?








In its first point of error, Doctors
Hospital asserts that section 38.001(8) of the Texas Civil Practice and
Remedies Code does not permit the court to award attorney’s fees to a party
that prevails on a promissory estoppel theory of recovery.  Because determining whether a statute
provides for attorney’s fees is a question of law, our review is de novo.  Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 94 (Tex. 1999) (“The availability of attorney’s fees under a
particular statute is a question of law for the court.”).  Like other courts to consider this issue, we
note there is no controlling Texas case. 
We also acknowledge that we are the first court to hold as we do.  But, because the statute’s plain language includes only valid contract claims,
and because promissory estoppel does not create a contract, and, in fact, can
be successful only when no valid contract exists, we conclude section 38.001(8)
does not permit a promissory estoppel claimant to recover attorney’s fees.

A       Section 38.0001(8) Provides for Recovery
of Attorney’s Fees When a Party Has a Valid Contract Claim.

Section 38.001(8) allows a party to
recover its “reasonable attorney’s fees . . . in addition to the amount of a
valid claim and costs, if the claim is for . . . an oral or written
contract.”  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Section 38.001’s most basic requirement is
that the party seeking attorney’s fees must first prevail on a valid contract
claim.  Mustang Pipeline Co., Inc. v.
Driver Pipeline Co., Inc., 134 S.W.3d 195, 201 (Tex. 2004) (party not
entitled to attorney’s fees under 38.001 because they did not have a valid
contract claim); Sikes v. Zuloaga, 830 S.W.2d 752, 753 (Tex. App.—Austin
1992, no writ) (recovery of valid claim in suit on a contract required to
recover attorney’s fees under 38.001); Huddleston v. Pace, 790 S.W.2d
47, 51 (Tex. App.—San Antonio 1990, writ denied) (condition precedent to
attorney’s fee recovery is pleading and proof of a valid claim); see also
In re Southland Corp., 19 F.3d 1084, 1088 (5th Cir. 1994) (statutory
language requires a valid claim).

B.      In
Texas, a Promissory Estoppel Claim and a Contract Claim are Mutually Exclusive.













For many years, Texas courts have held
that promissory estoppel becomes available to a claimant only in the absence
of a valid and enforceable contract.  See
Montgomery Indus. Int’l, Inc. v. Thomas Constr. Co., Inc. 620 F.2d 91, 95
(5th Cir. 1980) (“Where there is actually no contract the promissory estoppel
theory may be invoked . . . .”) (citing Wheeler v. White, 398 S.W.2d
93, 97 (Tex. 1966)); Subaru of Amer., Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 226 (Tex. 2002) (“[T]he promissory-estoppel doctrine presumes no
contract exists . . . .”) (citing Wheeler, 398 S.W.2d at 96-97); Superior
Laminate & Supply Co. v. Formica Corp., 93 S.W.3d 445, 449 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied) (“Promissory estoppel operates to
enforce an otherwise unenforceable promise; ‘[i]t cannot replace an enforceable
contract.’”) (citing Vogel v. Travelers Indem. Co., 966 S.W.2d 748, 754
(Tex. App.—San Antonio 1998, no pet.)); Richter & RMS v. Wagner Oil Co.,
90 S.W.3d 890, 899 (Tex. App.—San Antonio 2002, no pet.) (“Promissory estoppel
is not applicable to a promise covered by a valid contract . . . .”) (citation
omitted); Stable Energy, L.P. v. Kachina Oil & Gas, Inc., 52 S.W.3d
327, 336 (Tex. App.—Austin 2001, no pet.) (“If an alleged promise is part of a
valid contract, the promisee cannot disregard the contract and sue . . . under
the doctrine of promissory estoppel.”) (citation omitted); Fretz
Constr. Co. v. So. Nat’l Bank of Houston, 600 S.W.2d 878, 880 (Tex.
App.—Houston [1st Dist.] 1980) (describing the “law [as] being settled that
promissory estoppel and a contract cannot exist simultaneously”) (citing Wheeler,
398 S.W.2d at 93) (overruled on other grounds, 626 S.W.2d 478 (Tex. 1981)); Pasadena
Assocs. v. Connor, 460 S.W.2d 473, 481 (Tex. App.—Houston [14th Dist.]
1970, writ ref’d n.r.e.) (“The written contract in this case renders the
doctrine of promissory estoppel inapplicable.”) (citing Prince v. Miller
Brewing Co., 434 S.W.2d 232, 240 (Tex. Civ. App.—Houston [1st Dist.] 1968,
writ ref’d n.r.e.) (“Because of the valid contract the theory of promissory
estoppel is not applicable.”)); see also Montgomery Indus. Int’l,
Inc., 620 F.2d at 95 (holding that promissory estoppel theory may be
invoked when there is actually no contract) (citing Wheeler, 398 S.W.2d
at 97).  Thus, a claim for promissory
estoppel and a contract claim are mutually exclusive claims; a litigant cannot
recover on one if it recovers on the other.[1]  See, e.g., Barker v. Brown, 772
S.W.2d 507, 510 (Tex. App.—Beaumont 1989, no writ) (“The law is well settled
that the doctrine of promissory estoppel is not applicable where there exists a
legally valid contract between the parties.”) (citing Stewart &
Stevenson Servs., Inc. v. Enserve, Inc., 719 S.W.2d 337, 344 (Tex.
App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.)).

 

C.      Section
38.001(8) Cannot Include Promissory Estoppel Claims.

If the two previous propositions—that
section 38.001(8) authorizes attorney’s fees only when a party has a valid
contract claim, and a party can recover on promissory estoppel only if it does
not have a valid contract claim—are correct, then they are mutually exclusive
remedies.  If they are mutually exclusive
remedies, then section 38.001(8) cannot include a promissory estoppel claim.  Were we to hold otherwise, we would have to
(1) ignore a long line of cases holding that a recovery under promissory
estoppel means no valid contract existed and (2) add a cause of action that the
statute’s plain language does not include. 
We intend to do neither of these.

D.      The
Contrary Case Law Is Not Persuasive.








In holding that a party may not recover
attorney’s fees on a promissory estoppel claim, we recognize that we are a lone
voice.  See Preload Tech., Inc. v.
AB&J Constr. Co., Inc., 696 F.2d 1080 (5th Cir. 1983); Traco, Inc.
v. Arrow Glass Co., Inc., 814 S.W.2d 186 (Tex. App.—San Antonio 1991, writ
denied); Adams v. Petrade Int’l, 754 S.W.2d 696 (Tex. App.—Houston [1st
Dist.] 1988, writ denied); Safe Env., Inc. v. Pelzel & Assocs., Inc.,
No. 03-98-00721-CV, 1999 WL 815819 (Tex. App.—Austin Oct. 14, 1999, no pet.)
(not designated for publication); DeNucci v. Moretti, No.
03-98-00114-CV, 1999 WL 250141 (Tex. App.—Austin Apr. 29, 1999, pet. dism’d by
agr.) (not designated for publication). 
However, the Texas cases holding that attorney’s fees may be recovered
generally stem from one case:  Preload,
696 F.2d at 1084-85, 1093–95.  Preload
was the first case to address this dilemma. 
Noting that no Texas case had addressed the issue, it turned to section
90 of the Restatement (Second) of Contracts. 
Id. at 1094–95.  Section 90
addressed promissory estoppel; comment d provided that a binding promise under
that section was a contract.  Restatement (Second) of Contracts § 90
cmt. d (1981).  Without considering the
Texas rule that promissory estoppel claims and contract claims are mutually
exclusive, the court concluded that section 38.001(8) includes promissory
estoppel claims because the restatement treats at least some of these claims as
contracts.  Preload, 696 F.2d at
1093-95.

When Texas courts have concluded that
section 38.001(8) includes promissory estoppel, they have relied upon Preload
to some extent.  See Traco,
Inc., 814 S.W.2d at 193–94 (relying on Preload); Adams,
754 S.W.2d at 720 (relying on Preload); Safe Env., Inc., 1999 WL
815819 at *3 (citing Traco, Inc., Adams, and Preload); DeNucci,
1999 WL 250141 at *9 (relying on Traco, Inc. and Preload).  The Restatement notwithstanding, as recently
as 2002, the Texas Supreme Court held that the “promissory estoppel doctrine
presumes no contract exists.”  Subaru,
84 S.W.3d at 226 (citing Wheeler, 398 S.W.2d at 96–97).

We think the Texas cases allowing
attorney’s fees probably did so because the parties did not join the issue as
directly as the parties before us.  None
of the cases discuss Texas’ long history of treating contract claims and
promissory estoppel claims as mutually exclusive remedies.  See Preload, 696 F.2d 1080; Traco,
Inc., 814 S.W.2d 186; Adams, 754 S.W.2d 696; Safe Env., Inc.,
1999 WL 815819; DeNucci, 1999 WL 250141. 
Most likely, the parties did not bring that point to the courts’
attention.  Had the issue been
joined—with one party pointing out that a contract claim and a promissory
estoppel claim are mutually exclusive—the outcome would have been
different.  For this reason, we refuse to
follow these cases.

E.      Construing the Statute Liberally does NOT
Include Adding a Cause of Action.








We finally consider the last reason some
courts have given for allowing attorney’s fees on a promissory estoppel
claim:  the statute’s requirement that it
should be construed liberally.  Tex. Civ. Prac. & Rem. Code §
38.005.  Some courts allowing a party to
recover attorney’s fees on a promissory estoppel claim have relied on this
admonishment that we construe the statute liberally.  Preload, 696 F.2d at 1093; Traco,
Inc., 814 S.W.2d at 193; Adams, 754 S.W.2d at 720; and for
liberal construction mandate, see Tex.
Civ. Prac. & Rem. Code § 38.005; McKinley v. Drozd, 685
S.W.2d 7, 11 (Tex. 1985) (recognizing former strict construction and amendment
mandating liberal construction).  As with
the Restatement, we also think this argument is misplaced.  When the legislature mandates us to construe
a chapter liberally, it does not give us authority to substantively change the
statute.  Yet, adding an entirely
new cause of action to the statute would substantively change it.  In requiring liberal construction, we think
the legislature did not intend to authorize the courts to substantively change
the statute and broaden the causes of action included in the statute.  Nothing in the statute itself suggests this;
it very precisely lists the causes of action that will support attorney’s fees.

          Some Texas courts construing the
statute have applied the liberal interpretive mandate in procedural
settings.  This is a good example of what
the legislature meant when it told the courts to construe the statute
liberally.  For example, courts have
relied on the liberal construction mandate to permit an attorney’s fee recovery
even without a net recovery.  See
McKinley, 685 S.W.2d at 10–11 (proper construction allows attorney’s fee
recovery even if claim’s amount entirely offset by an opposing party’s claim
because of legislative intent to discourage unnecessarily litigation, encourage
defense of a just claim, and legislative mandate to construe chapter
liberally).  Courts have also allowed an
attorney’s fee recovery without requiring a particular form of
presentment.  Adams, 754 S.W.2d at
719–20 (citing liberal construction mandate and allowing attorney’s fee
recovery when presentment was made by invoice and amount differed from recovery
at trial).








In short, the requirement to construe the
statute liberally does not mean that we are at liberty to add new causes of
action to the statute.  When the
legislature required the courts to construe the statute liberally, it is
reasonable to assume the legislature contemplated procedural issues, not
substantive issues.  When the legislature
codified the attorney’s fees statute and required it to be liberally construed,
McKinley, 685 S.W.2d at 11, Texas case law held that promissory estoppel
and contract claims were mutually exclusive theories of recovery.  See Wheeler, 398 S.W.2d at 97.  The legislature could have added promissory
estoppel as a claim for which a party could recover attorney’s fees, but it did
not.

Thus, even mindful of the legislative
mandate to construe section 38.001 liberally, we find that section 38.001(8)
does not authorize the award of attorney’s fees to a promissory estoppel
claimant.  See Wesco Distrib., Inc. v.
Westport Group, Inc., No. 03-03-00438-CV, 2004 WL 741688, at *3 (Tex.
App.—Austin Apr. 8, 2004, no pet. h.) (not designated for publication)
(“Liberal interpretation of a statute does not permit doing violence to the
language in the statute.”) (citing Deep E. Tex. Reg’l Mental Health &
Mental Retardation Servs. v. Kinnear, 877 S.W.2d 550, 563 (Tex.
App.—Beaumont 1994, no writ)).  The plain
language of section 38.001(8) allows the court to award attorney’s fees only
when a party has a valid oral or written contract claim.  See Tex.
Civ. Prac. & Rem. Code § 38.001(8). 
When a party recovers on a promissory estoppel claim, it does not have a
valid contract claim.

As attorney’s fees should not have been
awarded, the appellant’s complaint that the trial court should not have
reopened the evidence to permit additional testimony about attorney’s fees is
moot.  We modify the judgment to delete
the attorney’s fee award and affirm as modified.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed October 28, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

 











[1]  A claim for
quantum meruit and a contract claim are juxtaposed in the same way: they are
mutually exclusive.  Richter, 90
S.W.3d at 894 (“A party may recover under quantum meruit only when there is no
express contract . . . .”) (citing Vortt Exploration Co. v. Chevron U.S.A.,
Inc., 787 S.W.2d 942, 944 (Tex. 1990)).