OPINION
 

 WANDA McKEE FOWLER, Justice.
 

 Show Business Entertainment, a music band, prevailed in its suit against Sambu-ca, a restaurant, and Doctors Hospital, the host of a party at Sambuca, when neither paid the band for playing at a Christmas party. Sambuca, in turn, successfully claimed that Doctors Hospital was responsible for the band’s fees. On appeal, Doctors Hospital complains only about attorney’s fees awarded to Sambuca. First, it asserts the fees should not have been awarded because Sambuca recovered on a promissory estoppel claim, not a contract claim, and second, it argues the court should not have reopened the evidence to receive testimony about Sambuca’s attorney’s fees. We modify the judgment to delete the attorney’s fee award because Sambuca recovered on its promissory es-toppel claim, which, under Texas law, is available to a claimant only when a valid contract does not exist, and the attorney’s fee statute is limited to valid contract claims.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Sambuca and Doctors Hospital disputed who should have paid Show Business Entertainment for playing at the Christmas party. When no one paid, Show Business Entertainment brought suit against both parties. Sambuca ultimately paid the band and cross-claimed against Doctors Hospital, alleging that Doctors Hospital was responsible for the band’s fee. After both parties rested their cases and closed, the judge announced his decision in favor of Sambuca and asked the parties to submit a judgment. Sambuca prevailed only on its promissory estoppel theory, although it had also pleaded breach of contract, and the judge awarded attorney’s fees to Sambuca. Sambuca’s counsel then received permission from the court to reopen briefly to testify — over Doctors Hospital’s objection — about anticipated attorney’s fees in the event of an appeal.
 

 ANALYSIS
 

 I. Does a PkomissoRY Estoppel Theory OF RECOVERY SUPPORT AN ATTORNEY’S FEE Award Under Texas Civil Practice and Remedies Code Section 38.001(8)?
 

 In its first point of error, Doctors Hospital asserts that section 38.001(8) of the Texas Civil Practice and Remedies Code does not permit the court to award attorney’s fees to a party that prevails on a promissory estoppel theory of recovery. Because determining whether a statute provides for attorney’s fees is a question of law, our review is de novo.
 
 Holland v. Wal-Mart Stores, Inc.,
 
 1 S.W.3d 91, 94 (Tex.1999) (“The availability of attorney’s
 
 *622
 
 fees under a particular statute is a question of law for the court.”). Like other courts to consider this issue, we note there is no controlling Texas case. We also acknowledge that we are the first court to hold as we do. But, because the statute’s plain language includes only valid contract claims, and because promissory estoppel does not create a contract, and, in fact, can be successful only when no valid contract exists, we conclude section 38.001(8) does not permit a promissory estoppel claimant to recover attorney’s fees.
 

 A. Section 38.0001(8) Provides for Recovery of Attorney’s Fees When a Party Has a Valid Contract Claim.
 

 Section 38.001(8) allows a party to recover its “reasonable attorney’s fees ... in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract.” Tex. Civ. PRAC.
 
 &
 
 Rem. Code § 38.001(8). Section 38.001’s most basic requirement is that the party seeking attorney’s fees must first prevail on a valid contract claim.
 
 Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.,
 
 134 S.W.3d 195, 201 (Tex.2004) (party not entitled to attorney’s fees under 38.001 because they did not have a valid contract claim);
 
 Sikes v. Zuloaga,
 
 830 S.W.2d 752, 753 (Tex.App.-Austin 1992, no writ) (recovery of valid claim in suit on a contract required to recover attorney’s fees under 38.001);
 
 Huddleston v. Pace,
 
 790 S.W.2d 47, 51 (Tex.App.-San Antonio 1990, writ denied) (condition precedent to attorney’s fee recovery is pleading and proof of a valid claim);
 
 see also In re Southland Corp.,
 
 19 F.3d 1084, 1088 (5th Cir.1994) (statutory language requires a valid claim).
 

 B. In Texas, a Promissory Estoppel Claim and a Contract Claim are Mutually Exclusive.
 

 For many years, Texas courts have held that promissory estoppel becomes available to a claimant only in the
 
 absence
 
 of a valid and enforceable contract.
 
 See Montgomery Indus. Int’l, Inc. v. Thomas Constr. Co., Inc.
 
 620 F.2d 91, 95 (5th Cir.1980) (‘Where there is actually no contract the promissory estoppel theory may be invoked ....”) (citing
 
 Wheeler v. White,
 
 398 S.W.2d 93, 97 (Tex.1966));
 
 Subaru of Amer., Inc. v. David McDavid Nissan, Inc.,
 
 84 S.W.3d 212, 226 (Tex.2002) (“[T]he promissory-estoppel doctrine presumes no contract exists ....”) (citing
 
 Wheeler,
 
 398 S.W.2d at 96-97);
 
 Superior Laminate & Supply, Inc. v. Formica Corp.,
 
 93 S.W.3d 445, 449 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (“Promissory estoppel operates to enforce an otherwise unenforceable promise; ‘[i]t cannot replace an enforceable contract.’ ”) (citing
 
 Vogel v. Travelers Indem. Co.,
 
 966 S.W.2d 748, 754 (Tex.App.-San Antonio 1998, no pet.));
 
 Richter, RMS v. Wagner Oil Co.,
 
 90 S.W.3d 890, 899 (Tex.App.-San Antonio 2002, no pet.) (“Promissory es-toppel is not applicable to a promise covered by a valid contract ....”) (citation omitted);
 
 Stable Energy, L.P. v. Kachina Oil & Gas, Inc.,
 
 52 S.W.3d 327, 336 (Tex.App.-Austin 2001, no pet.) (“If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue ... under the doctrine of promissory estoppel.”) (citation omitted);
 
 Fretz Constr. Co. v. So. Nat’l Bank of Houston,
 
 600 S.W.2d 878, 880 (Tex.App.-Houston [1st Dist.] 1980) (describing the “law [as] being settled that promissory estoppel and a contract cannot exist simultaneously”) (citing
 
 Wheeler,
 
 398 S.W.2d at 93) (overruled on other grounds, 626 S.W.2d 478 (Tex.1981));
 
 Pasadena Assocs. v. Connor,
 
 460 S.W.2d 473, 481 (Tex.App.-Houston [14th Dist.] 1970, writ ref'd n.r.e.) (“The written contract in this case renders the doctrine of promissory estoppel inapplicable.”) (citing
 
 Prince v. Miller Brewing Co.,
 
 434 S.W.2d 232, 240 (Tex.Civ.App.-Houston [1st Dist.] 1968, writ ref'd n.r.e.) (“Because of the valid contract the theory of
 
 *623
 
 promissory estoppel is not applicable.”));
 
 see also Montgomery Indus. Int’l, Inc.,
 
 620 F.2d at 95 (holding that promissory estoppel theory may be invoked when there is actually no contract) (citing
 
 Wheeler,
 
 398 S.W.2d at 97). Thus, a claim for promissory estoppel and a contract claim are mutually exclusive claims; a litigant cannot recover on one if it recovers on the other.
 
 [1]
 

 See, e.g., Barker v. Brown,
 
 772 S.W.2d 507, 510 (Tex.App.-Beaumont 1989, no writ) (“The law is well settled that the doctrine of promissory estoppel is not applicable where there exists a legally valid contract between the parties.”) (citing
 
 Stewart & Stevenson Servs., Inc. v. Enserve, Inc.,
 
 719 S.W.2d 337, 344 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)).
 

 C. Section 38.001(8) Cannot Include Promissory Estoppel Claims.
 

 If the two previous propositions — that section 38.001(8) authorizes attorney’s fees only when a party has a valid contract claim, and a party can recover on promissory estoppel only if it does not have a valid contract claim — are correct, then they are mutually exclusive remedies. If they are mutually exclusive remedies, then section 38.001(8) cannot include a promissory estoppel claim. Were we to hold otherwise, we would have to (1) ignore a long line of cases holding that a recovery under promissory estoppel means no valid contract existed and (2) add a cause of action that the statute’s plain language does not include. We intend to do neither of these.
 

 D. The Contrary Case Law Is Not Persuasive.
 

 In holding that a party may not recover attorney’s fees on a promissory estoppel claim, we recognize that we are a lone voice.
 
 See Preload Tech., Inc. v. AB & J Constr. Co., Inc.,
 
 696 F.2d 1080 (5th Cir.1983);
 
 Traco, Inc. v. Arrow Glass Co., Inc.,
 
 814 S.W.2d 186 (Tex.App.-San Antonio 1991, writ denied);
 
 Adams v. Petrade Int’l,
 
 754 S.W.2d 696 (Tex.App.-Houston [1st Dist.] 1988, writ denied);
 
 Safe Env., Inc. v. Pelzel & Assocs., Inc.,
 
 No. 03-98-00721-CV, 1999 WL 815819 (Tex.App.-Austin Oct.14, 1999, no pet.) (not designated for publication);
 
 DeNucci v. Moretti,
 
 No. 03-98-00114-CV, 1999 WL 250141 (Tex.App.-Austin Apr. 29, 1999, pet. dism’d by agr.) (not designated for publication). However, the Texas cases holding that attorney’s fees may be recovered generally stem from one case:
 
 Preload,
 
 696 F.2d at 1084-85, 1093-95.
 
 Preload
 
 was the first case to address this dilemma. Noting that no Texas case had addressed the issue, it turned to section 90 of the Restatement (Second) of Contracts.
 
 Id.
 
 at 1094-95. Section 90 addressed promissory estoppel; comment d provided that a binding promise under that section was a contract. Restatement (Second) of Contracts § 90 cmt. d (1981). Without considering the Texas rule that promissory estoppel claims and contract claims are mutually exclusive, the court concluded that section 38.001(8) includes promissory estoppel claims because the restatement treats at least some of these claims as contracts.
 
 Preload,
 
 696 F.2d at 1093-95.
 

 When Texas courts have concluded that section 38.001(8) includes promissory estoppel, they have relied upon
 
 Preload
 
 to some extent.
 
 See Traco, Inc.,
 
 814 S.W.2d at 193-94 (relying on Preload);
 
 Adams,
 
 754 S.W.2d at 720 (relying on
 
 Preload); Safe Env., Inc.,
 
 1999 WL 815819 at *3 (citing
 
 Traco, Inc., Adams,
 
 and Preload);
 
 DeNucci,
 
 1999 WL 250141 at *9 (relying
 
 *624
 
 on
 
 Traco, Inc.
 
 and
 
 Preload).
 
 The Restatement notwithstanding, as recently as 2002, the Texas Supreme Court held that the “promissory estoppel doctrine presumes no contract exists.”
 
 Subaru,
 
 84 S.W.3d at 226 (citing
 
 Wheeler,
 
 398 S.W.2d at 96-97).
 

 We think the Texas cases allowing attorney’s fees probably did so because the parties did not join the issue as directly as the parties before us. None of the cases discuss Texas’s long history of treating contract claims and promissory estoppel claims as mutually exclusive remedies.
 
 See Preload,
 
 696 F.2d 1080;
 
 Traco, Inc.,
 
 814 S.W.2d 186;
 
 Adams,
 
 754 S.W.2d 696;
 
 Safe Env., Inc.,
 
 1999 WL 815819;
 
 DeNucci,
 
 1999 WL 250141. Most likely, the parties did not bring that point to the courts’ attention. Had the issue been joined'— with one party pointing out that a contract claim and a promissory estoppel claim are mutually exclusive — -the outcome would have been different. For this reason, we refuse to follow these cases.
 

 E. Construing the Statute Liberally Does NOT Include Adding a Cause of Action.
 

 We finally consider the last reason some courts have given for allowing attorney’s fees on a promissory estoppel claim: the statute’s requirement that it should be construed liberally. Tex. Civ. PRAC. & Rem. Code § 38.005. Some courts allowing a party to recover attorney’s fees on a promissory estoppel claim have relied on this admonishment that we construe the statute liberally.
 
 Preload,
 
 696 F.2d at 1093;
 
 Traco, Inc.,
 
 814 S.W.2d at 193;
 
 Adams,
 
 754 S.W.2d at 720; and for liberal construction mandate,
 
 see
 
 Tex. Civ. PRAC. & Rem.Code § 38.005;
 
 McKinley v. Drozd,
 
 685 S.W.2d 7, 11 (Tex.1985) (recognizing former strict construction and amendment mandating liberal construction). As with the Restatement, we also think this argument is misplaced. When the legislature mandates us to construe a chapter liberally, it does not give us authority to substantively change the statute. Yet, adding an entirely new cause of action to the statute would substantively change it. In requiring liberal construction, we think the legislature did not intend to authorize the courts to substantively change the statute and broaden the causes of action included in the statute. Nothing in the statute itself suggests this; it very precisely lists the causes of action that will support attorney’s fees.
 

 Some Texas courts construing the statute have applied the liberal interpretive mandate in procedural settings. This is a good example of what the legislature meant when it told the courts to construe the statute liberally. For example, courts have relied on the liberal construction mandate to permit an attorney’s fee recovery even without a net recovery.
 
 See McKinley,
 
 685 S.W.2d at 10-11 (proper construction allows attorney’s fee recovery even if claim’s amount entirely offset by an opposing party’s claim because of legislative intent to discourage unnecessarily litigation, encourage defense of a just claim, and legislative mandate to construe chapter liberally). Courts have also allowed an attorney’s fee recovery without requiring a particular form of presentment.
 
 Adams,
 
 754 S.W.2d at 719-20 (citing liberal construction mandate and allowing attorney’s fee recovery when presentment was made by invoice and amount differed from recovery at trial).
 

 In short, the requirement to construe the statute liberally does not mean that we are at liberty to add new causes of action to the statute. When the legislature required the courts to construe the statute liberally, it is reasonable to assume the legislature contemplated procedural issues, not substantive issues. When the legislature codified the attorney’s fees stat
 
 *625
 
 ute and required it to be liberally construed,
 
 McKinley,
 
 685 S.W.2d at 11, Texas case law held that promissory estoppel and contract claims were mutually exclusive theories of recovery.
 
 See Wheeler,
 
 398 S.W.2d at 97. The legislature could have added promissory estoppel as a claim for which a party could recover attorney’s fees, but it did not.
 

 Thus, even mindful of the legislative mandate to construe section 38.001 liberally, we find that section 38.001(8) does not authorize the award of attorney’s fees to a promissory estoppel claimant.
 
 See Wesco Distrib., Inc. v. Westport Group, Inc.,
 
 150 S.W.3d 553, 557 (Tex.App.-Austin 2004, no pet. h.) (not designated for publication) (“Liberal interpretation of a statute does not permit doing violence to the language in the statute.”) (citing
 
 Deep E. Tex. Reg’l Mental Health & Mental Retardation Servs. v. Kinnear,
 
 877 S.W.2d 550, 563 (Tex.App.-Beaumont 1994, no writ)). The plain language of section 38.001(8) allows the court to award attorney’s fees only when a party has a valid oral or written contract claim.
 
 See
 
 Tex. Crv. Pra.c. & Rem. Code § 38.001(8). When a party recovers on a promissory estoppel claim, it does not have a valid contract claim.
 

 As attorney’s fees should not have been awarded, the appellant’s complaint that the trial court should not have reopened the evidence to permit additional testimony about attorney’s fees is moot. We modify the judgment to delete the attorney’s fee award and affirm as modified.
 

 [1]
 

 . A claim for quantum meruit and a contract claim are juxtaposed in the same way: they are mutually exclusive.
 
 Richter,
 
 90 S.W.3d at 894 ("A party may recover under quantum meruit only when there is no express contract (citing
 
 Vortt Exploration Co. v. Chevron U.S.A., Inc.,
 
 787 S.W.2d 942, 944 (Tex.1990)).