ACCEPTED
15-25-00054-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/8/2025 3:13 PM
CHRISTOPHER A. PRINE
CLERK

**ORAL ARGUMENT REQUESTED**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/8/2025 3:13:30 PM
CHRISTOPHER A. PRINE
Clerk

## NO. 15-25-00054-CV

# IN THE FIFTEENTH COURT OF APPEALS
# AUSTIN, TEXAS

---

## JOHANNES B. MASSAR,
### Appellant

### v.

## PEGASUS PAIN MANAGEMENT, PLLC,
### Appellee

---

### On Appeal from the County Court at Law No. 2
### Dallas County, Texas

---

## BRIEF OF APPELLANT

---

Raymond R. Fernandez, Jr.
State Bar No. 06934275
rfernandez@fernandezllp.com
Robert L. Knebel, Jr.
State Bar No. 11589500
rknebel@fernandezllp.com
FERNANDEZ LLP
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
Telephone: (214) 231-2700

## ATTORNEYS FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:** **Johannes B. Massar**

**Counsel for Appellant:** Raymond R. Fernandez, Jr.
**FERNANDEZ LLP**
2515 McKinney Avenue, Suite 920
Dallas, Texas  75201

Robert L. Knebel, Jr.
**FERNANDEZ LLP**
2515 McKinney Avenue, Suite 920
Dallas, Texas  75201

**Appellee:** **Pegasus Pain Management**

**Counsel for Appellee** Mark A. Ticer
**Law Office of Mark Ticer**
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................................ 2

TABLE OF CONTENTS ................................................................................................. 3

TABLE OF AUTHORITIES ........................................................................................... 6

LIST OF APPENDICES .................................................................................................. 9

ABBREVIATIONS AND REFERENCES ..................................................................... 10

STATEMENT OF THE CASE ....................................................................................... 11

STATEMENT REGARDING ORAL ARGUMENT ..................................................... 12

ISSUES PRESENTED .................................................................................................. 13

STATEMENT OF FACTS ............................................................................................. 14

SUMMARY OF THE ARGUMENT ............................................................................. 18

    Massar did not breach his contract with Pegasus ................................................ 18

    Massar's deposit of the disputed funds into the registry of the court should
    discharge him from liability ................................................................................ 19

    Promissory estoppel is precluded due to the existence of a contract ................. 19

ARGUMENT ................................................................................................................ 20

ISSUE 1:  Did Massar breach a contract with Pegasus? ............................................... 20

    The Letter of Protection ...................................................................................... 20

    Massar did not breach the contract with Pegasus ............................................... 21

    Massar's performance under the contract was contingent
    upon conditions precedent .................................................................................. 22

Paulson informs Massar that Pegasus did not perform services..........................23

Pegasus did not fulfill the conditions precedent required for payment.............23
4

Massar is excused from performance due to the Texas Rules of
Disciplinary Conduct..........................................................................................25

ISSUE 2: Did the trial court award the correct damages?.................................26

The trial court's award of breach of contract damages is incorrect....................26

The award of attorneys' fees was improper.........................................................27

ISSUE 3: Does the interpleader of the IOLTA funds discharge Massar? ..................27

Massar filed the Interpleader...............................................................................27

Massar should have been discharged from liability .............................................30

The Judgment fails to award or disburse the $8,000 held in the registry of the
court....................................................................................................................31

ISSUE 4: Is there evidence to support a judgment for promissory estoppel? ...........32

Promissory estoppel ............................................................................................32

The award of attorneys' fees is incorrect ............................................................33

CONCLUSION ......................................................................................................33

The Judgment for breach of contract should be reversed and judgment
rendered in favor of Massar.................................................................................33

Massar should be discharged from liability..........................................................34

The Judgment for promissory estoppel should be reversed and judgment
rendered in favor of Massar.................................................................................34

PRAYER ................................................................................................................ 35

CERTIFICATE OF COMPLIANCE ...................................................................... 36

CERTIFICATE OF SERVICE ................................................................................ 37

# TABLE OF AUTHORITIES

## Cases

*Advantage Physical Therapy, Inc. v. Cruse*,
165 S.W.3d 21, 24 (Tex. 2005) ............................................................................. 20

*Angelou v. African Overseas Union*,
33 S.W.3d 269, 278 (Tex. App.-Houston [14th Dist.] 2000, no pet.) ................ 20

*Arthur Anderson v. Perry Equipment Corp.*,
945 S.W.2d 812, 817 (Tex. 1997) ......................................................................... 26

*Barnett v. Coppell North Texas Court, Ltd.*,
123 S.W.3d 804, 805 (Tex. App - Dallas 2003, no pet.) ..................................... 32

*BP Am. Prod. Co. v. Zaffirini*,
419 S.W.3d 485, 507 (Tex. App. - San Antonio 2013, pet. denied) ................... 32

*Centex Corp. v. Dalton*,
840 S.W.2d 952, 956 (Tex. 1992) ......................................................................... 25

*Clayton v. Mony Life Ins. Co. of America*,
284 S.W.3d 398, 402 (Tex. App - Beaumont 2009, no pet.) ............................... 30

*Clements v. Minnesota Life Insurance Company*,
176 S.W.3d 258, 263 (Tex. App. - Houston [1st Dist.] 2004) ............................ 31

*Doctors Hosp.1997, LP. v. Sambuca Houston, L.P.*,
154 S.W.3d 634, 636 (Tex. App. - Houston [14th Dist.] 2004, pet. abated) .......... 32, 33

*Evans v. Prufrock Restaurants, Inc.*,
757 S.W.2d 804, 805 (Tex. App. - Dallas 1988, writ denied) ............................ 22

*Finserv Cas. Corp. v. Transamerica Life Insurance Co.*,
523 S.W.3d 129 (Tex. App. - Houston [14th Dist.] 2016) .................................. 29

*Gonzalez v. Texas Employers Ins. Ass'n.*,
509 S.W.2d 423 (Tex. Civ. App.-Dallas 1974, writ ref'd n.r.e.) ......................... 30

*Heggy v. American Trading Employment Retirement Account Plan*,
123 S.W.3d 770, 775 (Tex. App. - Houston [14th Dist.] 2003 pet. denied). 29, 31

*Hohenberg Bros. Co. v. George E. Gibbons & Co.,*
537 S.W.2d 1, 3 (Tex.1976) ................................................................................ 22

*Johnson v. Structured Asset Servs., LLC,*
148 S.W.3d 711, 726 (Tex. App. - Dallas 2004, no pet.) ..................................... 31

*MCI Telecomm. Corp. v. Texas Utilities Electric Co.,*
995 S.W.2d 647, 650-51 (Tex. 1999) .................................................................... 21

*Petro Source Partners, Ltd. v. 3-B Rattlesnake Ref. (1990), Ltd.,*
905 S.W.2d 371, 378-379 (Tex. App. - El Paso 1995, no writ .......................... 28

*Qaddura v. Indo-European Foods, Inc.,*
141 S.W. 3d 882, 888-889 (Tex. App. - Dallas 2004, pet. denied) ...................... 27

*Rachal v. Reitz,*
403 S.W.3d 840, 848 (Tex. 2013) ......................................................................... 32

*Richter v. Wagner Oil Co.,*
90 S.W.3d 890, 899 (Tex. App. - San Antonio 2002, no pet.) ............................ 32

*RSL-3B-IL, Ltd. v. Prudential Ins. Co. of America,*
470 S.W.3d 131, 139 (Tex. App. - Houston [1st Dist.] 2015, pet. denied) ........ 29

*Serna v. Webster,*
908 S.W.2d 487, 491 (Tex. App. – San Antonio 1993, no writ) ........................ 29

*Stable Energy LP v. Kachina Oil & Gas, Inc.,*
52 S.W.3d 327, 336 (Tex. App. – Austin 2001, pet. abated) .......................... 32, 33

*State Farm Life Ins. Co. v. Martinez,*
216 S.W.3d 799, 807 (Tex. 2007) .................................................................... 30, 31

*Williams v. First Tenn. Nat'l. Corp.,*
97 S.W.3d 798, 802 (Tex. App.-Dallas 2003, no pet.) ......................................... 22

*Wright v. Christian & Smith*,
  950 S.W. 2d 411, 412 (Tex. App. - Houston [1st Dist.] 1997 no writ)................ 22

*In re Xerox Corp.*,
  555 S.W.3d 518, 529 (Tex. 2018) ........................................................................... 26

## STATUTES, RULES AND OTHER AUTHORITIES

Tex. R. Civ. P. 43........................................................................................................ 28

Tex. Civ. Prac. Rem. Code §38.001 ............................................................... 19, 33

The Professional Ethics Committee for The State Bar of Texas,
Opinion 681 (September 2018). .................................................................... 24, 25

# LIST OF APPENDICES

**APPENDIX A.**     Judgment (CR:67-68)

**APPENDIX B.**     Letter of Protection (RR: Vol. 4, DX 01)

**APPENDIX C**.     Pegasus' Acceptance (RR: Vol. 4, DX 02)

**APPENDIX D**     E-mail correspondence Massar and Mark Ticer (counsel for Pegasus) (RR: Vol. 4, PX  38-45; DX 3-6)

**APPENDIX E**.     Motion to Interplead Funds (CR:12-16)

**APPENDIX F**     Order Granting Defendant Johannes B. Massar's Motion to Interplead Funds

# ABBREVIATIONS AND REFERENCES

**Parties:**

Massar refers to Appellant, Johannes B. Massar.

Pegasus refers to Appellee, Pegasus Pain Management, PLLC.

Paulson refers Ronald Paulson III, a defendant in the underlying lawsuit.

**Documents:**

Judgment refers to the Amended/Modified Judgment (CR:67-68)

Letter of Protection refers to the letter of Johannes B. Massar to Pegasus Pain Management dated February 14, 2018. [Appendix B. RR: Vol. 4, DX 01].

Pegasus Acceptance refers to the email from Johannes B. Massar to Pegasuspain Support dated December 2, 2020. [Appendix C. RR: Vol. 4, DX 02].

Interpleader refers to the Motion to Interplead Funds filed by Johannes Massar on December 23, 2022. [Appendix D. CR:12-16]

**Record References:**

References to the Clerk's Record shall be in the form of "CR: [pg#]"

References to the Reporter's Record shall be in the form of "RR: [Vol], [pg#]"

References to exhibits in the Reporter's Record shall be in the form of "RR: Vol 4, [PX# or DX#]"

References to the Appendix shall be in the form of "App: [letter]"

# STATEMENT OF THE CASE

**Nature of The Case**

This case arises from Massar's legal representation of Paulson in a lawsuit concerning injuries Paulson suffered in an automobile accident. [RR: Vol. 3, p. 53 line 14 – 17]. Massar provided Pegasus the Letter of Protection that governed payment of medical expenses out of potential proceeds from third party liability claims. [Appendix B. RR: Vol. 4, DX 01]. Pegasus filed this action against Massar and Paulson to collect its invoices for medical services provided to Paulson. Massar contends he did not breach the letter of protection and interpleaded the agreed upon funds into the registry of the Court. [CR: 17].

**Trial Court**

Hon. Melissa Bellan
County Court at Law No. 2, Dallas County, Texas

**Parties**

Plaintiff: Pegasus Pain Management, PLLC

Defendants: Johannes B. Massar and Ronald Paulson, III

**Disposition**

Upon completion of a bench trial, Pegasus Pain Management, PLLC ("PPM") obtained the Judgment (i) against Massar and Paulson, jointly and severally, for breach of contract in the amount of $15,990, together with $30,000 in attorneys' fees; and (ii) against Massar for promissory estoppel in the amount of $8,000, together with $30,000 in attorneys' fees [CR: 67-68].

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests the opportunity for oral argument. Appellant believes that oral argument would be helpful to aid in the Court's adjudication of this matter.

# ISSUES PRESENTED

**ISSUE 1:**  Did Massar breach a contract with Pegasus?


**ISSUE 2:** Is the damage award to Pegasus for breach of contract supported by the contract?


**ISSUE 3:**  Does the interpleader of the IOLTA funds discharge Massar?


**ISSUE 4:**  Is there evidence to support judgment for promissory estoppel?

## STATEMENT OF FACTS

This case arises from Massar's legal representation of Paulson in a lawsuit concerning injuries Paulson suffered in an automobile accident. [RR: Vol. 3, p. 53 line 14 – 17]. Paulson has a number of cognitive challenges that include brain injury, bipolar disorder, and ADHD. [RR: Vol. 3 p. 53 line 18 – p. 54 line 11]. Pegasus provided medical care to Paulson for his injuries. [RR: Vol 4, PX 5-8].

On February 14, 2018, Massar sent the Letter of Protection to Pegasus. The Letter of Protection states that Massar will protect payment of medical services for all reasonable and necessary expenses rendered by Pegasus to Paulson out of the proceeds, if any, of Paulson's third party liability claim after deduction of litigation expenses and attorneys' fees. [Letter of Protection, Appendix B. RR: Vol. 4, DX 01]. The Letter of Protection sets forth the conditions upon which Massar will provide payment to Pegasus.

Pegasus submitted invoices totaling $15,990 for services provided to Paulson. [RR: Vol. 4, PX 3]. Paulson settled the case and the settlement proceeds received by Paulson were not sufficient to fully pay all of his medical providers. [RR: Vol. 4, PX 36].

The aggregate amount of invoices from medical providers exceeded the amount of funds received in the settlement. The injury claim was settled with the insurance carrier for the policy limit of $30,000 and Paulson had incurred over

14

$46,000 in medical expenses. Massar contacted the medical providers to negotiate a reduction of payment of medical expenses.

On December 2, 2020, Massar sent correspondence by email to Pegasus informing them of the settlement and the shortfall in settlement proceeds to compensate medical providers. [Pegasus Acceptance, Appendix C, RR: Vol. 4, DX. 2]. Casey, Pegasus' representative [RR: Vol. 2, p. 88 line 24 – p. 89 line 10] agreed to reduce the outstanding balance from $15,990 to $8,000 and delivered written acceptance of the proposal back to Massar. [Pegasus Acceptance, Appendix C, RR: Vol. 4, DX. 2].

Massar and Paulson had a meeting in October, 2021 whereby Paulson reviewed Pegasus' statement of services rendered to Paulson. [RR: Vol. 4, PX 3]. At that meeting, Paulson instructed Massar not to pay Pegasus because he did not receive the lumbar transforaminal epidural steroid injection contained on the statement [RR: Vol 3, p. 80, lines 5-10; p. 15 lines 9-14 and lines 21-25; p. 26 line 25-p. 27, line7; RR: Vol 4, DX 04]. The injection comprised $10,279 of the $15,990 Pegasus bill.  [RR: Vol. 4, PX 3].

On October 26, 2021, Massar contacted counsel for Pegasus to inform him of Paulson's allegation denying he received the epidural treatment. [E-Mail Correspondence, Appendix D, RR: Vol 4, DX 03].  Massar sought a discussion with counsel in an attempt to resolve the matter. Counsel for Pegasus responded that

Massar should "put it in an email." [E-Mail Correspondence, Appendix D, RR: Vol 4, PX 42]. Again, on October 27, 2021 Massar contacted counsel for Pegasus seeking a discussion in an attempt to resolve the matter. [E-Mail Correspondence, Appendix D, RR: Vol 4, DX 04]. Counsel for Pegasus rejected any telephone call, demanded payment, and inquired if Massar would accept service of process. [E-Mail Correspondence, Appendix D, RR: Vol 4, PX 44].

Pegasus filed its lawsuit on January 7, 2022 asserting claims for breach of contract, fraud, conversion, promissory estoppel, money had and received and conspiracy against Massar and Paulson. Massar withdrew from representing Paulson due to the conflict of interest created by the lawsuit. [RR: Vol. 2. P. 181, lines 4-8].

On December 23, 2022 Massar filed the Interpleader. [Appendix E, CR: 12-16] The Court entered its order granting the Interpleader. [Appendix F, CR: 17]. The $8,000 was kept in Massar's IOLTA account until its deposit into the registry of the Court pursuant to the interpleader. [RR: Vol. 3, p. 27 lines 15-18].

After completion of a bench trial, a judgment was entered in favor of Pegasus on December 3, 2024. Pegasus was awarded (i) $15,990 in damages for its breach of contract against Massar and Paulson, jointly and severally and (ii) $15,990 in damages for its promissory estoppel claim against Massar. Further, Pegasus was awarded $30,000 in attorneys' fees for prosecuting its breach of contract claim. [CR: 30-31].

16

Massar filed his motion for new trial on December 30, 2024. [CR: 33-41]. The Court entered the Judgment on February 21, 2025. [Judgment, Appendix A, CR: 67-68]. The Judgment maintained the breach of contract award against Massar and Paulson. The Judgment reduced the award of damages for the promissory estoppel claim to $8,000 and added an award of $30,000 in attorneys' fees against Massar for the promissory estoppel claim. The Judgment states it disposes of all claims and all parties and is a final and appealable judgment. Massar appeals from this Judgment.

## SUMMARY OF ARGUMENT

Pegasus's judgment award cannot stand for multiple independent reasons.

**1.      Massar did not breach his contract with Pegasus.**

Massar provided the Letter of Protection to Pegasus stating that he would pay reasonable fees for medical services rendered by Pegasus to Paulson out of the proceeds of Paulson's personal injury claim. After settlement with the liability carrier, Pegasus agreed to a reduction in its invoices to Paulson.

During the review of the disbursements from settlement, Paulson stated that he did not receive the major medical procedure that Pegasus included on its invoice. Paulson instructed Massar not to pay Pegasus. Pegasus' counsel refused to participate in a telephone conference or meeting with Massar in an attempt to resolve the issue.

Payment to Pegasus under the Letter of Protection was subject to conditions precedent. The Letter of Protection expressly states that payment is contingent on Massar's receipt of medical documentation, including x-rays, and reports. The Letter of Protection further states that payment will only be provided for reasonable and necessary expenses.

Pegasus failed to satisfy the conditions precedent required for payment. Pegasus did not provide the x-rays and reports for the disputed procedure until it produced the records in discovery after Pegasus commenced litigation. At that time Massar had withdrawn from representation of Paulson.

18

Further, Massar was excused from paying Pegasus because of his client's instruction not to disburse settlement funds to Pegasus from his IOLTA account. The Texas Disciplinary Rules of Professional Conduct prohibit him from making the disbursement against his client's instruction.

The award of attorneys' fees against Massar is improper because Massar did not breach the contract.

**2.  Massar's deposit of the disputed funds into the registry of the court should discharge him from liability.**

Massar disclaimed any interest in the funds, filed the Interpleader and unconditionally deposited the disputed funds into the registry of the court. At that time, Massar should have been discharged from any liability. The sole issue at the trial court should have been the resolution of the dispute between Pegasus and Paulson.

**3.  Promissory estoppel is precluded due to the contract**

Judgment for promissory estoppel is improper because a contract exists between Massar and Pegasus governing the conditions and terms of payment. The award of attorneys' fees against Massar is improper because Tex. Civ. Prac. & Rem. Code Section 38. 001 *et. seq.* does not authorize the award of attorney's fees for a promissory estoppel claimant.

# ARGUMENT

**ISSUE 1:  Did Massar breach a contract with Pegasus?**

**The Letter of Protection**

Letters of protection are letters to healthcare providers provided by attorneys representing injured parties in personal injury litigation. Generally, a letter of protection will state that the attorney will provide payment to the healthcare provider from the proceeds of future recovery in the litigation. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. 2005).

Not all letters of protection are contracts. The elements of an enforceable contract are (i) an acceptance in strict compliance with the terms of offer; (ii) a meeting of the minds; (iii) a communication that each party consented to the terms of the contract; (iv) execution and delivery of the contract with an intent that it become mutual and binding on both parties; and (v) consideration. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

On February 14, 2018, Massar sent the Letter of Protection to Pegasus stating that he will protect payment of medical services for all reasonable and necessary expenses rendered by Pegasus to Paulson out of the proceeds, if any, of Paulson's third party liability claim after deduction of litigation expenses and attorneys' fees. [Letter of Protection, Appendix B. RR: Vol. 4, DX 01].

On December 2, 2020, Massar sent correspondence by email to Pegasus informing it of the pending shortfall in settlement proceeds to compensate medical providers. [Pegasus Acceptance, Appendix C, RR: Vol. 4, DX. 2]. The injury lawsuit with the insurance carrier was settled for the policy limit of $30,000 but Paulson had incurred over $46,000 in medical expenses. [RR: Vol. 2, p. 88 line 24 – p. 89 line 10] Pegasus agreed to reduce its outstanding balance from $15,990 to $8,000 and delivered written acceptance of the proposal back to Massar. [Pegasus Acceptance, Appendix C, RR: Vol. 4, DX. 2].

The $8,000 in funds for payment to Pegasus was kept in Massar's IOLTA account at all times until its deposit into the registry of the Court pursuant to the interpleader. [RR: Vol. 3, p. 27 lines 15-18].

**Massar did not breach his contract with Pegasus**

A plaintiff must establish the existence of an enforceable contract to prove a breach of contract. *Wright v. Christian & Smith*, 950 S.W. 2d 411, 412 (Tex. App. - Houston [1st Dist.] 1997 no writ). Pegasus asserts that the Letter of Protection is the contract that forms the basis of Pegasus' breach of contract claim. [CR 5-6].

The interpretation of a contract is a question of law. *MCI Telecomm. Corp. v. Texas Utilities Electric Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). The elements of a breach of contract claim are: (i) a valid contract existed between the parties; (ii) the plaintiff tendered performance or was excused from doing so; (iii) the defendant

21

breached the terms of the contract; and (iv) the plaintiff sustained damages as a result of defendant's breach. *Williams v. First Tenn. Nat'l. Corp.,* 97 S.W.3d 798, 802 (Tex. App. - Dallas 2003, no pet.). Pegasus has failed to establish that Massar breached the terms of the contract.

**Massar's performance under the contract was contingent upon conditions precedent**

The Letter of Protection is a contract premised on a condition precedent. A condition precedent is an event that must happen or be performed before a right can accrue to enforce the contract. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *Evans v. Prufrock Restaurants, Inc.*, 757 S.W.2d 804, 805 (Tex. App.- Dallas 1988, writ denied).

The Letter of Protection expressly states that payment is contingent on Massar's receipt of medical documentation, including x-rays, and reports. [Letter of Protection, Appendix B, RR: Vol. 4, DX 1]. The Letter of Protection also states that Massar "will protect payment of medical services for all reasonable and necessary expenses rendered by you [Pegasus]." [Letter of Protection, Appendix B, RR: Vol. 4, DX 1]. Pegasus' right to enforce the contract could not accrue until it delivered the requisite medical records to Massar and a determination is made that the medical services were provided to Paulson.

22

**Paulson informs Massar that Pegagus did not perform a major procedure**

Paulson informed Massar that the large majority of the fees charged by Pegasus ($10,279 of $15,590) were for a procedure he did not receive. [RR: Vol. 3 p. 15 line 21 – 25; p. 26 line 25 – p. 27 line 7; p. 39 lines 1 - 12]. Massar informed Pegasus of his client's contest of the invoice for performance of the lumbar transforaminal epidural procedure. [RR: Vol. 4, DX 3].

Pegasus refused to meet or have a telephone call with Massar to discuss Paulson's denial that he received the epidural procedure. [E-Mail Correspondence, Appendix D, RR: Vol. 4, PX 39-45]. Instead, Pegasus's counsel told Massar to put it in an email. [E-Mail Correspondence, Appendix D, RR: Vol. 4, PX 42]. Massar further informed Pegasus that the $8,000 allocated for payment to them would remain in Massar's IOLTA trust account until resolution of the dispute over the procedure. [E-Mail Correspondence, Appendix D, RR: Vol. 4, PX 45].

**Pegasus did not fulfill the conditions precedent for payment**

The Letter of Protection plainly states payment from Massar is contingent upon Pegasus providing the records enumerated in the letter. [Letter of Protection, Appendix B, RR: DX 1]. The burden is upon Pegasus to satisfy the conditions precedent to receive payment. Pegasus failed to satisfy the conditions precedent required for payment. Pegasus did not provide the x-rays and reports for the disputed procedure until it produced the records in discovery after Pegasus commenced

litigation. [RR: Vol. 3 p. 43, line 6 – p. 45, line 11]. When Massar received the reports he had already withdrawn from representation of Paulson.

The question of whether Pegasus performed the lumbar transforaminal epidural procedure on Paulson remained unresolved at the time Pegasus filed its lawsuit. Pegasus did not establish that the invoices represented reasonable and necessary expenses because Paulson denied receiving the treatment. Pegasus did not satisfy the conditions precedent to Massar's contractual obligation.

**Massar was prohibited from disbursing funds to Pegasus**

Paulson was Massar's client. As a result of that attorney-client relationship, Massar is mandated to observe the Texas Disciplinary Rules of Professional Conduct. The State Bar of Texas has provided guidance to Texas attorneys regarding when a third party has an interest in client funds. The State Bar of Texas issued an ethics opinion addressing a claim by a physician who accepted a letter of protection whereby the attorney for the injured client promised to pay for services rendered by the physician from the proceeds of the client's personal injury claim. The Professional Ethics Committee for The State Bar of Texas, Opinion 681 (September 2018).

In the opinion, the client refused to honor the medical provider claim and instructed the lawyer not to pay the provider. The State Bar of Texas highlights the lawyer's professional fiduciary responsibilities to his client regarding the receiving,

24

safeguarding and distributing funds in the lawyer's possession. The Ethics Committee of the State Bar of Texas concludes,

> Under the Texas Disciplinary Rules of Professional Conduct, if a lawyer is aware that a third party claimant has an interest in client funds in the lawyer's possession, the lawyer must pay the funds to the third party unless the claim is disputed by the client, in which case the lawyer must withhold the disputed portion from both the client and the third party until the dispute is resolved or the lawyer interpleaded the disputed funds.
> Conclusion, The Professional Ethics Committee for The State Bar of Texas, Opinion 681 (September 2018).

**Massar is excused from performance due to the Texas Disciplinary Rules of Professional Conduct**

In the event it may be determined that Pegasus satisfied the conditions precedent in the Letter of Protection, Massar was excused from his performance because the Texas Disciplinary Rule of Professional Conduct prohibited him from disbursing funds from his IOLTA account against the instruction of his client. *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992). In *Centex*, the Texas Supreme Court excused performance of obligation to pay a finder's fee under a contract when payment of such a fee was illegal pursuant to an agency ruling. *Id.*

The judgment of the trial court awarding recovery to Pegasus on its breach of contract claim should be reversed and judgment rendered in favor of Massar.

**Issue No. 2: Did the trial court award the correct damages?**

**The trial court's award of breach of contract damages is incorrect**

Contract damages compensate the non-breaching party for loss or damage actually sustained. *In re Xerox Corp.*, 555 S.W.3d 518, 529 (Tex. 2018). Benefit of the bargain or expectancy damages place the non-breaching party in the same position it would have been in had the breaching party performed the contract. *Qaddura v. Indo-European Foods, Inc.*, 141 S.W. 3d 882, 888-889 (Tex. App. - Dallas 2004, pet. denied). Expectancy damages are measured by subtracting the value the non-breaching party actually received from the value that the party expected to gain. *Arthur Anderson v. Perry Equipment Corp.,* 945 S.W.2d 812, 817 (Tex. 1997).

In this instance, Pegasus expected to receive payment of $8,000 from Massar pursuant to the Letter of Protection. [Pegasus Acceptance, Appendix C, RR: Vol. 4, DX. 2]. Pegasus argues that it received no payment from Massar. If there was a breach of contract by Massar, Pegasus' damages from the breach of contract is $8,000. Pegasus did not introduce any evidence related to additional damages it suffered resulting from its alleged delay of payment. The trial court's award of $15,990 in damages for the breach is contract action is incorrect. In the event that the judgment of the trial court awarding Pegasus recovery on its breach of contract claim is not reversed, the judgment of the trial court awarding $15,990 in damages for to Pegasus on its the breach is contract claim should be reduced to $8,000.

**The award of attorneys' fees was improper**

Massar filed the Interpleader and unconditionally deposited the $8,000 into the registry of the Court. [CR: 17, 89]. In the Interpleader, Massar clearly states that he has no claims or interest in the $8,000 held by the court. [Interpleader, Appendix E, CR: 14]. Pegasus elected not to file a motion to claim the funds and Paulson did not instruct the trial court to pay Pegasus. Pegasus suffered no damages from the alleged breach of contract since full satisfaction of its claim was available to it in the registry of the court. The sole issue at the trial court was the resolution of the dispute between Pegasus and Paulson.

The judgment of the trial court awarding attorneys' fees to Pegasus on its breach of contract claim should be reversed and judgment rendered in favor of Massar.

**ISSUE 3:  Does the interpleader of the IOLTA funds discharge Massar?**

**Massar files the Interpleader**

Massar's Letter of Protection to Pegasus agreed to pay "reasonable and necessary expenses" incurred in Paulson's medical care. [Letter of Protection, Appendix B. RR: Vol. 4, DX 01]. Paulson instructed Massar not to pay Pegasus because he did not receive the lumbar transforaminal epidural steroid injection contained on the statement [RR: Vol 3, p. 80, lines 5-10; p. 15 lines 9-14 and lines 21-

25; p. 26 line 25-p. 27, line7; RR: Vol 4, DX 04]. The injection comprised $10,279 of the $15,990 Pegasus bill. [RR: Vol. 4, PX 3].

Pegasus refused to engage in a dialogue regarding the dispute and instead filed its lawsuit on January 7, 2022. [CR: 2-11]. Massar promptly withdrew from representing Paulson due to the conflict of interest created by the lawsuit. [RR: Vol. 2. P. 181, lines 4-8].

Tex. R. Civ. P. 43 permits a party who receives multiple claims to funds in its possession to tender the disputed funds to the court. Massar filed the Interpleader and unconditionally tendered the $8,000 into the registry of the court. [Interpleader, CR: 12-15]. Neither Pegasus nor Paulson filed a response or objection to the Interpleader. At no time prior to trial did Pegasus seek disbursement of the funds or Paulson provide an agreement to release the funds to Pegasus.

The purpose of interpleader is to provide relief for a stakeholder who, without interpleader, would be compelled to act as judge and jury at its own peril when faced with conflicting claims. The propriety of an interpleader is established as a matter of law. *Petro Source Partners, Ltd. v. 3-B Rattlesnake Ref. (1990), Ltd.,* 905 S.W.2d 371, 378-379 (Tex. App. - El Paso 1995, no writ).

The remedy of interpleader allows a person who claims no interest in the property but faces competing claims from third parties to put the funds into the court.

An interpleader is a suit to determine a right to property held by a disinterested third party who is in reasonable doubt about ownership and who, therefore, deposits the property with the trial court to permit interested parties to litigate ownership, letting the court decide who is entitled to the funds and thereby avoiding the peril of deciding ownership itself. *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.,* 470 S.W.3d 131, 139 (Tex. App. - Houston [1st Dist.] 2015, pet. denied).

A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Finserv Cas. Corp. v. Transamerica Life Ins. Co.,* 523 S.W.3d 129 (Tex. App.- Houston [14th Dist.] 2016) citing *Heggy v. American Trading Employment Retirement Account Plan*, 123 S.W.3d 770, 775 (Tex. App.- Houston [14th Dist.] 2003, pet. denied).

To support his claim for interpleader, Massar had to first establish that there were rival claims to the same funds. *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App. - San Antonio 1993, no writ). Pegasus clearly made demand to Massar for payment. [RR: Vol. 4, PX. 38]. Paulson clearly instructed Massar not to pay Pegasus. [RR: Vol 3, p. 80, lines 5-10; p. 15 lines 9-14 and lines 21-25; p. 26 line 25-p. 27, line7; RR: Vol 4, DX 04]. Massar established the first required element for interpleader.

Second, Massar had to establish that he unconditionally tendered the funds into the registry of the court. *Id.* Massar clearly states that he has no claims or interest in the $8,000 and the funds were unconditionally tendered to the court. [CR: 14]. Massar satisfied both requirements for interpleader.

Previously, many courts included a third requirement for interpleader that the party interpleading the funds has not unreasonably delayed in filing the interpleader

29

action. *Id.* The Texas Supreme Court clarified this is not a requirement by explaining that "while some courts have listed prompt filing as an interpleader requirement, the rules of procedure require only conflicting claims." *State Farm Life Ins. Co. v. Martinez,* 216 S.W.3d 799, 807 (Tex. 2007) (citations omitted). In *Clayton v. Mony Life Ins. Co. of Am.,* 284 S.W.3d 398, 402 (Tex. App - Beaumont 2009, no pet.) the Court approved an interpleader filed six months after the initiation of a suit and two years after notice of the dispute. Interpleader is not improper merely because it is delayed. *Martinez,* 261 W.W. 3d at 807. When rival claims exist, courts must decide who gets the proceeds no matter how tardy the deposit; we cannot simply "toss the money back out the clerk's window," or return it to a stakeholder who makes no claim to it. *Id.*

On May 7, 2023, The Court granted Massar's interpleader petition and ordered the $8,000 to be deposited into the registry of the Court. [Appendix F, CR: 17]. Massar deposited the funds in accordance with the order and the funds still remain in the registry of the Court. There is no record evidence from which one can determine that the trial court abused its discretion in ruling that the interpleader action was appropriate.

**Massar should have been discharged from further liability**

If money is paid into court to abide the result of the litigation, responsibility for the fund is shifted to the court and further liability to the stakeholder is discharged. *Gonzalez v. Texas Employers Insurance Ass'n,* 509 S.W.2d 423 (Tex. Civ. App.-Dallas

30

1974, writ ref'd n.r.e.). By placing the funds in the control of the court pursuant to court order for the court to decide ownership, Massar is relieved from the potential liability *State Farm Life Ins. Co. v. Martinez* 216 S.W.3d at 806-807. A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Heggy v. American Trading Employee Retirement Account Plan*, 123 S.W. 3d at 775; *Clements v. Minnesota Life Insurance Company*, 176 S.W.3d 258, 263 (Tex. App. – Houston [1st Dist.] 2004).

The trial court correctly determined that Massar was entitled to interplead the $8,000 in settlement proceeds into the registry of the Court; however, the trial court improperly failed to discharge Massar from liability. [Appendix F, CR: 17].

**The Judgment fails to award or disburse the $8,000 held in the registry of the court**

In an interpleader action, each party making a claim to the funds at issue bears the burden of establishing his right to the funds. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 726 (Tex. App.—Dallas 2004, no pet.). Neither Pegasus nor Paulson made a request to receive the funds. The trial court failed to address the award of the funds in the Judgment. Simply put, if the money was deposited into the registry of the court, the court has to do something with that money.

The Judgment rendered by the trial court awards Pegasus a recovery against both Massar and Paulson for breach of contract. Since Massar disavows any claim to

the funds and judgment was rendered against Paulson, Judgment implicitly concludes that Pegasus should be awarded the $8,000 held in the registry of the Court. The trial court erred in failing to find award the interpleaded funds to Pegasus.

**ISSUE 4: Is there evidence to support a judgment for promissory estoppel?**

**Promissory Estoppel**

The promissory estoppel doctrine presumes no contract exists. *Rachal v. Reitz*, 403 S.W.3d 840, 848 (Tex. 2013). Promissory estoppel is not applicable to a promise covered by a valid contract between the parties *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App. - San Antonio 2002, no pet.). *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App. - San Antonio 2013, pet. denied). If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue for reliance damages under the doctrine of promissory estoppel. *Stable Energy LP v. Kachina Oil & Gas, Inc.,* 52 S.W.3d 327,336 (Tex. App. – Austin 2001, pet. abated).

The Letter of Protection is the contract between Massar and Pegasus. [RR: Vol. 4, DX 1]. The Letter of Protection covers the agreement between Massar and Pegasus regarding payment of fees for medical services rendered to Paulson.

Promissory estoppel may apply to a promise outside of contract between the parties. *Barnett v. Coppell North Texas Court, Ltd.*, 123 S.W.3d 804, 805 (Tex. App - Dallas 2003, no pet.). Promissory estoppel becomes available to Pagasus only if the claim rests upon promises independent of the Letter of Protection. *Doctors Hospital*

32

*1997, LP. v. Sambuca Houston, L.P.,* 154 S.W.3d 634, 636 (Tex.App.-Houston [14th Dist.] 2004, pet. abated). The promissory estoppel claim must be based on an actual promise. *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.,* 52 S.W.3d at 336.

There is no record evidence of any promise by Massar to Pegasus outside of the Letter of Protection. The Judgment's award to Pegasus of recovery on its promissory estoppel claim is not supported in law or by any evidence. The judgment of the trial court awarding recovery to Pegasus on its promissory estoppel claim should be reversed and judgment rendered in favor of Massar.

**The award of attorneys' fees is incorrect**

Tex. Civ. Prac. & Rem. Code Section 38. 001 *et. seq.* does not authorize the award of attorney's fees for a promissory estoppel claimant. *Doctors Hospital1997, L.P. v. Sambuca Houston, L.P.,* 154 S.W.3d at 638. The judgment of the trial court awarding attorneys' fees to Pegasus on its promissory estoppel claim should be reversed and judgment rendered in favor of Massar.

## CONCLUSION

**The Judgment for breach of contract should be reversed and judgment rendered in favor of Massar**

Massar's contract with Pegasus was subject to conditions precedent. Pegasus failed to satisfy the conditions precedent required for payment. Pegasus did not

provide the x-rays and reports to Massar expressly required by the Letter of Protection to receive payment.

Further, Massar was excused from paying Pegasus because of his client's instruction not to disburse settlement funds to Pegasus from his IOLTA account. The Texas Disciplinary Rules of Professional Conduct prohibit him from making the disbursement against his client's instruction.

The award of attorneys' fees against Massar is improper because Massar did not breach the contract.

**Massar should be discharged from liability**

Massar disclaimed any interest in the funds, filed an interpleader and unconditionally deposited the disputed funds into the registry of the court. Massar should be discharged from any liability.

**The Judgment for promissory estoppel should be reversed and judgment rendered in favor of Massar**

The judgment for promissory estoppel is improper because a contract exists between Massar and Pegasus governing the conditions and terms of payment. The award of attorneys' fees against Massar is improper because Tex. Civ. Prac. & Rem. Code Section 38. 001 *et. seq.* does not authorize the award of attorney's fees for a promissory estoppel claimant.

## PRAYER

Wherefore, premises considered, Johannes B. Massar respectfully requests that this Court reverse the judgment of the trial court and render judgment in his favor, and that the Court grant to Johannes B. Massar such other and further relief to which he is justly entitled.

Respectfully submitted,

/s/Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.
State Bar No. 06934275
rfernandez@fernandezllp.com
Robert L. Knebel, Jr.
State Bar No. 11589500
rknebel@fernandezllp.com
**Fernandez LLP**
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
(214) 231-2700 [Telephone]
(214) 999-1279 [Facsimile]

**ATTORNEYS FOR
JOHANNES B. MASSAR**

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 6,431 words (excluding the caption, table of contents, table of authorities, statement regarding oral argument, statement of issues presented, signature block, proof of service, certification, certificate of compliance, and appendix), as authorized by this Court. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.

## CERTIFICATE OF SERVICE

I certify that on the 5th of September, 2025, a true and correct copy of the foregoing brief was served by E-Service and e-mail as follows:

Mark A. Ticer
Law Office of Mark Ticer
10440 N. Central Expressway, Suite 600
Dallas, Texas 75231
mticer@ticerlaw.com

**Counsel for Appellee**
**Pegasus Pain Management, PLLC**

/s/ Raymond R. Fernandez, Jr.
Raymond R. Fernandez, Jr.

# APPENDIX A

## CAUSE NO. CC-22-00078-B

| | | |
|---|---|---|
| PEGASUS PAIN MANAGEMENT, PLLC, | § § § | IN THE COUNTY COURT |
| *Plaintiff* | § § | |
| v. | § § | AT LAW NO. 2 |
| RONALD PAULSON, III and JOHANNES B. MASSAR, | § § § | |
| *Defendants* | § | DALLAS COUNTY, TEXAS |

### AMENDED/MODIFIED FINAL JUDGMENT

Came to be heard on the 7th day of February 2025, *Plaintiff's Motion to Modify December 3, 2024 Judgment* and *Defendant Johannes B. Massar's Motion for New Trial*, and the Court, after reviewing these two motions and responses thereto, and hearing the arguments of counsel, rules as follows:

Plaintiff shall recover on its breach of contract claim against the Defendants, jointly and severally, in the sum of $15,990;

Alternatively, Plaintiff shall recover from Defendant Johannes B. Massar on its promissory estoppel claim in the amount of $8,000; and

In rendering this judgment to Plaintiff on the above causes of action, Plaintiff may only recover once and not for each cause of action.

Based on the stipulation between the parties regarding the amount of attorney's fees, Plaintiff is also awarded its reasonable attorney's fees in the amount of $30,000 for both its breach of contract claim and promissory estoppel claim. If Plaintiff prevails in any appeal to the court of appeals, Plaintiff is entitled to conditional fees in the amount of $10,000. If a motion for rehearing is required and Plaintiff files such motion or a response thereto, Plaintiff is entitled to an additional $3,000 in attorney's fees. The following conditional fees are awarded if Plaintiff prevails in the petition for view process: if a petition for review is filed by Plaintiff or Plaintiff

AMENDED/MODIFIED FINAL JUDGMENT
PAGE | 1

67

must respond to a petition for review, the sum of $8,000; if full briefing is required, the sum of $10,000; if oral argument is ordered, the sum of $2,500; and if a motion for rehearing is filed by Plaintiff or Plaintiff must respond to such motion, the sum of $2,500. Plaintiff may recover its attorney's fees once and not based on each of Plaintiff's claims.

Plaintiff shall recover pre-judgment interest in the amount of $4,292.98 and post-judgment at the rate of 8%. Plaintiff shall also recover its costs of court.

This judgment disposes of all claims and all parties and is a final and appealable judgment.

February 21, 2025
DATE

THE HONORABLE MELISSA BELLAN

# APPENDIX B

DEFENDANT'S
TRIAL EXHIBIT
01

# LAW OFFICE OF JOHANNES B. MASSAR, P.C.

### JOHANNES B. MASSAR
ATTORNEY AND COUNSELOR AT LAW
310 E. INTERSTATE 30
SUITE 100
GARLAND, TEXAS 75043

OFFICE: (972) 226.5552
FAX: (972) 226.5565
CELL: (214) 924-7991
Email: hans.massar@att.net

February 14, 2018

VIA EMAIL: SCHEDULE@PEGASUSPAIN.COM
Pegasus Pain Management
PO Box 141056
Dallas, Texas 75214-1056
Phone: (214)-702-5855
Fax: (877)-244-9193

RE: My Client: **Ronald Paulson**
Date of Injury: **10/10/2017**
DOB: **01/17/1990**

Dear Sirs:

Ronald Paulson has retained this law firm for representation regarding his personal injuries sustained in the above-referenced automobile collision.

Per your request, this letter shall serve as our "letter of protection" when and if insurance proceeds are forthcoming via our office as the result of a settlement or other conclusion of a third-party liability claim on behalf of my client. We will protect payment of medical services for all reasonable and necessary expenses rendered by you related to the subject collision and causation of his injuries, out of the proceeds, if any, of my client's personal injury case after deduction of litigation expenses and attorney's fees.

The above is contingent upon your facility providing me with the following medical documentation:

1. Daily treatment note;
2. X-ray reports if x-rays are taken;
3. Initial, interim and final narrative reports; and
4. Itemized statement for services rendered.

If you have any questions regarding the above, please do not hesitate to contact me.

Very truly yours,

*/s/ Johannes Massar*
Johannes B. Massar

JBM / jao

# HIPPA Medical & Billing Authorization Form
## Authorization for Use or Disclosure of Protected Health Information

1.   I, _Ronald Paulson III_, authorize _Pegasus Pain Management_ including any hospital, clinic, physician, and administrative staff to disclose the following protected health information relating to me to my attorney:

> Law Office of Johannes B. Massar, P.C.
> 310 E. Interstate 30, Suite 100, Garland, Texas 75043

2.   The protected health information to be used or disclosed is including: medical history, medical care, hospitalizations, laboratory records and reports, all tests of any type, records pertaining to condition, treatment, prognosis, diagnostic/ imaging/ radiology/, nursing notes, cardiac studies, doctor's progress notes, doctor's orders, face sheets, operative/ surgical/ procedure reports, consultations, counseling, billing records, insurance records, and any records concerning HIV testing, chemical dependency, or other record deemed necessary by said attorney at said attorney's sole discretion.

3.   The dates of treatment shall be from _10/10/17_ to the present.

4.   This protected health information is being used or disclosed for the following purposes: at the request of the individual for medical care and legal purposes.

5.   This authorization expires 180 days from the date signed below and covers only treatments for the dates specified above. Except to the extent that action has been taken in reliance upon it, I understand that I have the right to revoke this authorization in writing at any time by sending a written revocation to the attorneys' address above with "Attn: Privacy Contact" on the letter.

6.   I understand that when this information is used or disclosed pursuant to this authorization, it may be disclosed by the recipient and may no longer be protected by federal or state law. I release and hold harmless the custodian of records and my attorney from all liability resulting from the lawful release of my Protected Health Information.

7.   I authorize my attorney to seek, obtain, copy, and employ these records in any manner deemed reasonable by said attorney. I further authorize my attorney that in the event of recovery by trial or settlement to allow payment directly to you or to deduct the same from any recovery, which may be due to me. A photocopy of this authorization may be used in place of the original, and such photocopy is to be considered as fully effective as the original itself.

8.   I understand that treatment or payment cannot be conditioned on my signing this authorization, except in certain circumstanced such as for participation in research programs, or authorization of the release of testing results for pre-employment purposes. I understand that I may revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon the authorization. I understand that I may be charged a retrieval/processing fee and for copies of my medical records according to Texas Hospital Licensing law.

I have read the above and authorize all of my medical providers to disclose the information described above.

SIGNED on _____February 14th_____, 20 18.

_____Ronald Paulson III_____
**Client Signature**

Address:

1321 Farley Dr mesquite
Tx 75149

Social Security Number: 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
Date of Birth: 1/17/90



## PEGASUS PAIN MANAGEMENT

P.O. Box 141056
Dallas, TX 75214-1056

Ph#: 214-702-5855
Fx#: 877-244-9193

## PLEASE EMAIL LOP REQUEST TO
## SCHEDULE@PEGASUSPAIN.COM

To: Massar Law Offices, LLP     From: SCHEDULE@PEGASUSPAIN.COM

Fax: (972)-224-5565     Pages:

Phone:     Date: 2/13/18

Re:     CC:

√ Urgent - Please Reply

THIS IS A REQUEST FOR A LOP. THIS PATIENT YOUR CLIENT HAS BEEN REFERRED TO US AND WE NEED TO HAVE AN LOP ON FILE TO PROCEED WITH YOUR CLIENTS TREATMENT. **PLEASE EMAIL THE LOP TO** SCHEDULE@PEGASUSPAIN.COM

NAME: Ronald Paulson     DOA: 10/10/17     DOB: 01/17/90

PLEASE INCLUDE CASE MANAGERS NAME, CONTACT NUMBER, AND EMAIL ON THE LOP.

PLEASE FORWARD ALL COMMUNICATION TO:

PEGASUS PAIN MANAGEMENT
P.O. BOX 141056
DALLAS, TX 75214

# APPENDIX C

DEFENDANT'S
TRIAL EXHIBIT
**02**

 Gmail

Pegasus Pain Billing <support@pegasuspain.com>

## Ronald Paulson, III
1 message

Johannes Massar <hans.massar@att.net>            Wed, Dec 2, 2020 at 10:29 AM
To: Pegasuspain Support <support@pegasuspain.com>

Good Morning,

My office is trying to settle a bill for Mr. Ronald Paulson, III, Date of Birth 01/17/1990. We were able to settle this case with the liability carrier
for the policy limit of $30,000. Mr. Paulson has approximately $46,000 in medical debt due to this accident. Will your office be able to reduce Mr. Paulson's balance of $15,990 to $8,000? If we have an agreement to this amount please sign below and return.

Per your request here is a full settlement breakdown:
Pegasus Pain Management : $15,990
MRI Centers of Texas : $4,390
Preferred Imaging of Plano : $4,740
Pinnacle Pharma : $1,537
Onto Orthopedics : $3,247
Pedro Nosnik : $7,230
ASP Cares : $498
American Chiropractic: $8,314

Agree to

Thank you for your time,     12.02.20
Britney

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

# APPENDIX D

## Mark Ticer

**From:** Mark Ticer
**Sent:** Friday, October 22, 2021 3:55 PM
**To:** hans.massar@att.net
**Subject:** Outstanding Balance for Ronald Paulson from Pegasus Pain Management

Mr. Massar-I represent Pegasus Pain Management regarding the above.

I understand you have avoided my client's inquiries, promised to call back but do not, and have not paid the balance despite the case being settled.

You requested an 8k reduction which was approved contingent upon Pegasus being immediately paid. You have not paid.

Absent immediate payment to this office in certified funds, suit will be filed against your client and you. If suit is filed, we will seek the full amount owed and attorney's fees.

Payment should be made to Pegasus Pain Management and delivered to this office. Your deadline is Wednesday October 27,2021 at 4pm.---

Regards-

Mark Ticer

Mark Ticer
Law Office of Mark A. Ticer
10440 North Central Expressway, Suite 600
Dallas, Texas 75231
Ph. (214) 219-4220
Fax (214) 219-4218
mticer@ticerlaw.com
www.ticerlawfirm.com

EXHIBIT

38

1

## Mark Ticer

**From:** Denise Johnson
**Sent:** Tuesday, October 26, 2021 10:09 AM
**To:** Mark Ticer
**Subject:** Hans Massar -

Hans Massar, called regarding Pegasus matter, he can be reached at, 972-226-5552

Thank you,

**EXHIBIT**

39

1

**Mark Ticer**

Mark,

I have attempted to contact you on two separate occasions. I need to speak with you regarding this particular matter. As I told Dr. Michael Ellman, my client is denying that he received specific treatments that Pegasus has billed for. Please call me as soon as possible so that we can discuss this matter.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

**EXHIBIT**

40

| | |
|---|---|
| **From:** | Johannes Massar <hans.massar@att.net> |
| **Sent:** | Wednesday, October 27, 2021 11:45 AM |
| **To:** | Mark Ticer |
| **Subject:** | Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Mark,
I need to speak with you about the Pegasus case - please call me

Thanks
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

**EXHIBIT**

41

**Mark Ticer**

From:           Mark Ticer
Sent:           Wednesday, October 27, 2021 12:13 PM
To:             Johannes Massar
Subject:        Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management

Please put it in an email.

You requested and received a reduction on the bill and now you refuse to pay.

I remind you that the amount of the bill should be kept I trust pending the determination of payment.

Sent from my iPhone

**EXHIBIT**

42

| | |
|---|---|
| **From:** | Johannes Massar <hans.massar@att.net> |
| **Sent:** | Wednesday, October 27, 2021 12:34 PM |
| **To:** | Mark Ticer |
| **Subject:** | Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Mark,

I need to talk to you about the reason(s) that my client is contesting the charges. He did not receive the 4/2/2018 procedure, specifically the Lumbar Transforaminal Epidural Steroid Injection. I am sure you understand that if your client indicated that a procedure was not performed and was charged $10,279.00 for it you would be concerned. Further, Pegasus did not file with my client's Medicare since he is on disability. This incident has put me in the middle, as my client has not authorized the payment due to the above, and your client, Pegasus Pain Management having an LOP from my law firm. It is my hope and desire to get this resolved this week. I would appreciate a call, since I cannot contact Pegasus since they are being represented by Counsel. I look forward to your call.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

**EXHIBIT**

43

**Mark Ticer**

| | |
|---|---|
| **From:** | Mark Ticer |
| **Sent:** | Wednesday, October 27, 2021 4:09 PM |
| **To:** | Johannes Massar |
| **Subject:** | RE: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Your client signed a consent form for the procedure the very day he had it. We have photos/reports of the procedure.

The reduction requested and granted has now been rejected by you and your client. Full payment is now owed as well as attorney's fees. Since you sent an LOP, you will be responsible for nonpayment just as your client.

Only when I contacted you for payment did this absurd excuse for nonpayment come up. You used the this treatment/bill to obtain a settlement, asked for a reduction, was granted one, and when it was time to pay you all concocted an excuse. I will look forward to having you and your client give testimony under oath.

Again, will you accept service on behalf of your client? I need to get the lawsuit filed.

**EXHIBIT**

44

| | |
|---|---|
| **From:** | Johannes Massar <hans.massar@att.net> |
| **Sent:** | Thursday, October 28, 2021 12:32 PM |
| **To:** | Mark Ticer |
| **Subject:** | Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Mr. Ticer,

As discussed earlier I am still trying to get authorization from my client to pay the $8,000 which has been the cause in delay. My client continues to maintain that he was not provided the actual treatment on 4/2/18 as I expressed to your client in our initial telephone conference some time ago. I still have the $8,000 in my trust account and will not release any of these funds to my client until this issue is resolved. I hope you understand my dilemma when I have a client who disputes the charges. If you can forward the authorization that my client signed for his treatment, I can show that to my client. I will continue to try and resolve this for all parties involved. If you wish to discuss this matter further, please call me.

Thanks,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

**EXHIBIT**

45

DEFENDANT'S
TRIAL EXHIBIT
03

Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Tuesday, October 26, 2021, 10:15:09 AM CDT, Johannes Massar <hans.massar@att.net> wrote:

Mark,

I have attempted to contact you on two separate occasions. I need to speak with you regarding this particular matter. As I told Dr. Michael Ellman, my client is denying that he received specific treatments that Pegasus has billed for. Please call me as soon as possible so that we can discuss this matter.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Friday, October 22, 2021, 03:54:42 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

Mr. Massar-I represent Pegasus Pain Management regarding the above.

I understand you have avoided my client's inquiries, promised to call back but do not, and have not paid the balance despite the case being settled.

You requested an 8k reduction which was approved contingent upon Pegasus being immediately paid. You have not paid.

Absent immediate payment to this office in certified funds, suit will be filed against your client and you. If suit is filed, we will seek the full amount owed and attorney's fees.

Payment should be made to Pegasus Pain Management and delivered to this office. Your deadline is Wednesday October 27, 2021 at 4pm.

2

PLAINTIFF_1 000014

Regards-

Mark Ticer

Mark Ticer

Law Office of Mark A. Ticer

10440 North Central Expressway, Suite 600

Dallas, Texas 75231

Ph. (214) 219-4220

Fax (214) 219-4218

mticer@ticerlaw.com

www.ticerlawfirm.com

3

PLAINTIFF_1 000015

DEFENDANT'S
TRIAL EXHIBIT
04

**Mark Ticer**

| | |
|---|---|
| **From:** | Mark Ticer |
| **Sent:** | Wednesday, October 27, 2021 4:09 PM |
| **To:** | Johannes Massar |
| **Subject:** | RE: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Your client signed a consent form for the procedure the very day he had it. We have photos/reports of the procedure.

The reduction requested and granted has now been rejected by you and your client. Full payment is now owed as well as attorney's fees. Since you sent an LOP, you will be responsible for nonpayment just as your client.

Only when I contacted you for payment did this absurd excuse for nonpayment come up. You used the this treatment/bill to obtain a settlement, asked for a reduction, was granted one, and when it was time to pay you all concocted an excuse. I will look forward to having you and your client give testimony under oath.

Again, will you accept service on behalf of your client? I need to get the lawsuit filed.

**From:** Johannes Massar <hans.massar@att.net>
**Sent:** Wednesday, October 27, 2021 12:34 PM
**To:** Mark Ticer <mticer@ticerlaw.com>
**Subject:** Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management

Mark,

I need to talk to you about the reason(s) that my client is contesting the charges. He did not receive the 4/2/2018 procedure, specifically the Lumbar Transforaminal Epidural Steroid Injection. I am sure you understand that if your client indicated that a procedure was not performed and was charged $10,279.00 for it you would be concerned. Further, Pegasus did not file with my client's Medicare since he is on disability. This incident has put me in the middle, as my client has not authorized the payment due to the above, and your client, Pegasus Pain Management having an LOP from my law firm. It is my hope and desire to get this resolved this week. I would appreciate a call, since I cannot contact Pegasus since they are being represented by Counsel. I look forward to your call.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Wednesday, October 27, 2021, 12:13:11 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

1

PLAINTIFF_1 000010

Please put it in an email.

You requested and received a reduction on the bill and now you refuse to pay.

I remind you that the amount of the bill should be kept I trust pending the determination of payment.

Sent from my iPhone

On Oct 27, 2021, at 11:45 AM, Johannes Massar <hans.massar@att.net> wrote:

Mark,
I need to speak with you about the Pegasus case - please call me

Thanks
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Tuesday, October 26, 2021, 10:15:09 AM CDT, Johannes Massar <hans.massar@att.net> wrote:

Mark,

I have attempted to contact you on two separate occasions. I need to speak with you regarding this particular matter. As I told Dr. Michael Ellman, my client is denying that he received specific treatments that Pegasus has billed for. Please call me as soon as possible so that we can discuss this matter.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Friday, October 22, 2021, 03:54:42 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

Mr. Massar-I represent Pegasus Pain Management regarding the above.

2

PLAINTIFF_1 000011

DEFENDANT'S
TRIAL EXHIBIT
05

**Mark Ticer**

| | |
|---|---|
| **From:** | Johannes Massar <hans.massar@att.net> |
| **Sent:** | Thursday, October 28, 2021 12:32 PM |
| **To:** | Mark Ticer |
| **Subject:** | Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management |

Mr. Ticer,

As discussed earlier I am still trying to get authorization from my client to pay the $8,000 which has been the cause in delay. My client continues to maintain that he was not provided the actual treatment on 4/2/18 as I expressed to your client in our initial telephone conference some time ago. I still have the $8,000 in my trust account and will not release any of these funds to my client until this issue is resolved. I hope you understand my dilemma when I have a client who disputes the charges. If you can forward the authorization that my client signed for his treatment, I can show that to my client. I will continue to try and resolve this for all parties involved. If you wish to discuss this matter further, please call me.

Thanks,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Wednesday, October 27, 2021, 04:08:47 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

Your client signed a consent form for the procedure the very day he had it. We have photos/reports of the procedure.

The reduction requested and granted has now been rejected by you and your client. Full payment is now owed as well as attorney's fees. Since you sent an LOP, you will be responsible for nonpayment just as your client.

Only when I contacted you for payment did this absurd excuse for nonpayment come up. You used the this treatment/bill to obtain a settlement, asked for a reduction, was granted one, and when it was time to pay you all concocted an excuse. I will look forward to having you and your client give testimony under oath.

Again, will you accept service on behalf of your client? I need to get the lawsuit filed.

1

PLAINTIFF_1 000006

Mark,

I need to talk to you about the reason(s) that my client is contesting the charges. He did not receive the 4/2/2018 procedure, specifically the Lumbar Transforaminal Epidural Steroid Injection. I am sure you understand that if your client indicated that a procedure was not performed and was charged $10,279.00 for it you would be concerned. Further, Pegasus did not file with my client's Medicare since he is on disability. This incident has put me in the middle, as my client has not authorized the payment due to the above, and your client, Pegasus Pain Management having an LOP from my law firm. It is my hope and desire to get this resolved this week. I would appreciate a call, since I cannot contact Pegasus since they are being represented by Counsel. I look forward to your call.

Thank you,

Hans

**Johannes B. (Hans) Massar**

Attorney at Law

310 E. Interstate 30, Suite 100

Garland, Texas 75043

Phone 972.226.5552

Fax    972.226.5565

On Wednesday, October 27, 2021, 12:13:11 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

2

PLAINTIFF_1 000007

## Mark Ticer

**From:** Johannes Massar <hans.massar@att.net>
**Sent:** Wednesday, October 27, 2021 12:34 PM
**To:** Mark Ticer
**Subject:** Re: Outstanding Balance for Ronald Paulson from Pegasus Pain Management

Mark,

I need to talk to you about the reason(s) that my client is contesting the charges. He did not receive the 4/2/2018 procedure, specifically the Lumbar Transforaminal Epidural Steroid Injection. I am sure you understand that if your client indicated that a procedure was not performed and was charged $10,279.00 for it you would be concerned. Further, Pegasus did not file with my client's Medicare since he is on disability. This incident has put me in the middle, as my client has not authorized the payment due to the above, and your client, Pegasus Pain Management having an LOP from my law firm. It is my hope and desire to get this resolved this week. I would appreciate a call, since I cannot contact Pegasus since they are being represented by Counsel. I look forward to your call.

Thank you,
Hans

**Johannes B. (Hans) Massar**
Attorney at Law
310 E. Interstate 30, Suite 100
Garland, Texas 75043
Phone 972.226.5552
Fax    972.226.5565

On Wednesday, October 27, 2021, 12:13:11 PM CDT, Mark Ticer <mticer@ticerlaw.com> wrote:

Please put it in an email.

You requested and received a reduction on the bill and now you refuse to pay.

I remind you that the amount of the bill should be kept I trust pending the determination of payment.

Sent from my iPhone

On Oct 27, 2021, at 11:45 AM, Johannes Massar <hans.massar@att.net> wrote:

Mark,
I need to speak with you about the Pegasus case - please call me

Thanks
Hans

**Johannes B. (Hans) Massar**

1

PLAINTIFF_1 000016

# APPENDIX E

CAUSE NO. CC-22-00078-B

| | | |
|---|---|---|
| PEGASUS PAIN MANAGEMENT, PLLC | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | NO. 2 IN AND FOR |
| VS. | § | |
| | § | |
| RONALD PAULSON, III and | § | DALLAS COUNTY, TEXAS |
| JOHANNES B. MASSAR, | | |
| Defendants | § | |

## MOTION TO INTERPLEAD FUNDS

COMES NOW, Defendant Johannes B. Massar, (hereinafter "Defendant Massar") in the above-entitled and numbered cause, and files this Motion to Interplead Funds and would show:

### 1. Summary

Defendant Massar was retained to represent Defendant Ronald Paulson, III (hereinafter "Defendant Paulson") as the Plaintiff in a personal injury lawsuit arising from injuries suffered in a motor vehicle accident on October 10th, 2017. At Defendant Paulson's request Defendant Massar entered into "Letter of Protection Agreements" (hereinafter "L.O.P.") with several medical providers including Plaintiff Pegasus Pain Management, PLLC (hereinafter "Plaintiff Pegasus") to facilitate timely medical treatment of Defendant Paulson's injuries because Defendant Paulson did not have the financial means to pay for the necessary care and treatment. Once the case was settled and settlement check received Defendant Massar contacted the medical providers who had entered L.O.P. agreements, including Plaintiff Pegasus, and requested reductions of the amounts owed in an attempt to maximize the settlement return to Defendant Paulson.

12

Subsequently, **Defendant Massar** was instructed by his client **Defendant Paulson** not to pay **Plaintiff Pegasus** for charges related to a "trigger point injection procedure" dated April 2nd, 2018. **Defendant Paulson** was adamant that the "trigger point injection procedure" was never performed by **Plaintiff Pegasus** and instructed **Johannes B. Massar** not to pay **Plaintiff Pegasus** for services he maintains were never performed. **Defendant Massar** advised **Plaintiff Pegasus** that **Defendant Paulson** disputed the charges and the dilemma for **Defendant Massar** due to the adverse conflicting claims. **Defendant Massar** had a duty to both his client **Defendant Paulson** and to honor his L.O.P. with **Plaintiff Pegasus** to reimburse for "reasonable and necessary expenses *rendered* by **Plaintiff Pegasus**. When **Defendant Paulson** disputed he had not received the trigger point injection treatment **Defendant Massar** could not act as a fact-finder and resolve the conflicting claims. The disputed funds of $8,000.00 remain deposited in **Defendant Massar's** IOLTA account.

**Defendant Massar** is or may be subject to multiple liability with respect to $8,000.00 of the $55,000.00  total settlement funds issued to Mr. Ronald Paulson, III for settlement of case number CC-19-05585-C in the County Court at Law No. 3 in and for Dallas County, Texas on May 31st, 2021 because of rival claims by PEGASUS PAIN MANAGEMENT, PLLC. Defendant Massar is subject to or reasonably anticipates rival claims to the $8,000.00 hereinafter referred to as the "disputed funds".

### 2. Rival Claims are Adverse and Conflicting

These claims are adverse and conflicting, and **Defendant Massar** is unable to determine which party is entitled to the disputed settlement funds $8,000.00  . With respect to the disputed funds, **Defendant Massar** therefore is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

### 3. Defendant Massar Claims No Interest

**Defendant Massar** neither has, nor claims, any interest in the disputed $8,000.00, which **Defendant Massar** at all times has been willing to deliver to the person or persons entitled to possession.

### 4. Defendant Massar Is Disinterested Stakeholder

**Defendant Massar** has in no way colluded with any party concerning the matters of this cause. The plaintiff has not been, and will not be, indemnified in any manner by any defendant. **Defendant Massar** has filed this Motion to Interplead to avoid multiple liability claims and costs incidental to them.

### 5. Tender to Court

**Defendant Massar** unconditionally offers to and is ready to deposit with the court the sum of $8,000.00., which represents the disputed funds.

### Prayer for Relief

For the reasons stated, **Defendant Massar** requests that the Court grant his Motion to Interplead Funds and:

1.  That **Defendant Johannes B. Massar** be released and discharged from all liability to the **Plaintiff Pegasus Pain Management, PLLC** and **Defendant Ronald Paulson, III** on account of the matters relating to the $8,000.00 disputed funds.

2.  That **Defendant Johannes B. Massar** be ordered to deposit the disputed funds in the registry of the Court; and

3.  Such other and further relief to which **Defendant Johannes B. Massar** may be entitled.

Respectfully submitted,

LAW OFFICE OF TONY D. CRABTREE
310 E. Interstate 30, Suite 100
Garland, Texas 75043
972-226-5563
972-226-5565 Facsimile
tcrabtree@tonycrabtreelaw.com

/s/ Tony D. Crabtree

TONY D. CRABTREE
State Bar No. 04969550
ATTORNEY FOR DEFENDANT

14

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel of record for Plaintiffs with the foregoing instrument, via email/efile/eserve/facsimile on this the 23rd day of December 2022.

/s/ Tony D. Crabtree
**TONY D. CRABTREE**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel of record for Plaintiffs regarding the foregoing instrument via email on the 4th day of November 2022 and he is OPPOSED.

/s/ Tony D. Crabtree
**TONY D. CRABTREE**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tony Crabtree on behalf of Tony Crabtree
Bar No. 4969550
tcrabtree@tonycrabtreelaw.com
Envelope ID: 71268283
Status as of 12/23/2022 10:33 AM CST

Associated Case Party: PEGASUS PAIN MANAGEMENT. PLLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark ATicer | | mticer@ticerlaw.com | 12/23/2022 10:27:33 AM | SENT |
| Jennifer W.Johnson | | jjohnson@ticerlaw.com | 12/23/2022 10:27:33 AM | SENT |
| Brooke Bailey | | bbailey@ticerlaw.com | 12/23/2022 10:27:33 AM | SENT |
| Michelle Smith | | msmith@ticerlaw.com | 12/23/2022 10:27:33 AM | SENT |
| Jeanie George | | jgeorge@ticerlaw.com | 12/23/2022 10:27:33 AM | SENT |

Associated Case Party: JOHANNESB.MASSAR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johannes Massar | | hans@jbmassarlaw.com | 12/23/2022 10:27:33 AM | SENT |
| Tony Crabtree | | tcrabtree@tonycrabtreelaw.com | 12/23/2022 10:27:33 AM | SENT |

# APPENDIX F

| | | |
|---|---|---|
| PEGASUS PAIN MANAGEMENT, PLLC<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| VS. | §<br>§<br>§ | NO. 2 IN AND FOR |
| RONALD PAULSON, III and<br>JOHANNES B. MASSAR,<br>Defendants | §<br>§ | DALLAS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT JOHANNES B. MASSAR'S MOTION TO INTERPLEAD FUNDS

After considering Defendant Johannes B. Massar's Motion to Interplead Funds "Motion", the responses, and arguments of counsel, the court

GRANTS the interpleader petition only as follows

1. The court orders interpleader to deposit the $8,000.00 into the registry of the court.

All other relief requested in the Motion is denied

Signed May 7, 2023

_____

JUDGE PRESIDING

APPROVED AS TO FORM:

*Mark Ticer*   w.p.

MARK TICER Date: 4-17-23

APPROVED AS TO FORM:

*Tony Crabtree*

TONY CRABTREE Date: 4-17-23

CC-22-00078-B
CORDER
ORDER -
2701796

17

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Raymond Fernandez, Jr. on behalf of Raymond Fernandez, Jr.
Bar No. 06934275
rfernandez@fernandezllp.com
Envelope ID: 105340001
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 9/8/2025 3:26 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond R.Fernandez | | rfernandez@fernandezllp.com | 9/8/2025 3:13:30 PM | SENT |
| Robert L.Knebel | | rknebel@fernandezllp.com | 9/8/2025 3:13:30 PM | SENT |
| Mark Ticer | 20018900 | mticer@ticerlaw.com | 9/8/2025 3:13:30 PM | SENT |